■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL GONZALEZ, Appellant. [611 NYS2d 155] —Judgment, Supreme Court, New York County (Martin Rettinger, J.), rendered June 4, 1991, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, criminal possession of a controlled substance in the third degree, and criminal possession of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to concurrent terms of 5 to 10 years, 5 to 10 years, and 3 to 6 years, respectively, unanimously affirmed.

The record does not bear out defendant's claim that he was unable to fully participate in *Sandoval* proceedings that may have been conducted at sidebar when the jury was not in the courtroom. Defendant does not claim that he was not in the courtroom, but only that he was not asked to approach the bench. Since the jury was not in the courtroom, it would be entirely speculative to conclude that the sidebar was conducted in a hushed dialogue out of defendant's hearing.

Defendant's argument that he was denied a fair trial because of the prosecutor's failure to turn over the arrest reports of others allegedly arrested by an officer who testified at trial is unpreserved, defendant having failed to request an appropriate sanction for such failure, and we decline to reach it in the interest of justice, the record being inadequate to demonstrate that the arresting officer, in fact, completed arrest reports for individuals who were not prosecuted. Concur —Rosenberger, J. P., Ellerin, Ross, Nardelli and Williams, JJ.