■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ADALBERTO FABELO, Appellant. [621 NYS2d 565] —Judgment, Supreme Court, Bronx County (Gerald Sheindlin, J.), rendered November 5, 1990, convicting defendant, after a jury trial, of rape in the first degree, sodomy in the first degree, and robbery in the first degree, and sentencing him, as a second violent felony offender, to two concurrent terms of 12½ to 25 years for the rape and sodomy convictions, to be served consecutively to a term of 12½ to 25 years for the robbery conviction, unanimously affirmed.

We reject defendant's challenge to the sufficiency of the evidence supporting the robbery count. Although the main purpose of defendant's use of force may have been rape and sodomy, there was evidence from which the jury could reasonably conclude that defendant took the undressed victim's money from her clothing while he was still holding her prisoner under threat of death, and "continued the threat of

force with the conscious objective of overcoming resistance to the taking or retention of the property" *(People v Smith,* 79 NY2d 309, 315).

The court's *Sandoval* ruling was a proper exercise of discretion *(People v Pavao,* 59 NY2d 282, 292).

We find no error in the court's use of the word "insufficiency" (of evidence) in its reasonable doubt instruction, instead of the virtually synonymous word "lack" requested by defendant *(People v Dory,* 59 NY2d 121, 129; *see also, People v Medina,* 171 AD2d 559, 560, *lv denied* 78 NY2d 924).

While, at sentencing, the court referred briefly to material that would normally be protected by the attorney-client privilege, such came to the court's attention in a lawful manner as a result of an argument made by defense counsel during trial, and, in any event, had no effect on the sentence.

We adhere to our previously rendered motion decision denying reconstruction of certain lost minutes except to the extent of utilizing the trial court's notes to complete the record. Upon examination of the entire record, we conclude that defendant has not identified any potential issues that might require further reconstruction of this insignificant and inconsequential part of the trial *(compare, People v Council,* 162 AD2d 365, *lv denied* 76 NY2d 984, *with People v Heredia,* 191 AD2d 271). Concur—Ellerin, J. P., Ross, Williams and Tom, JJ.