■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN TORRES, Appellant. [751 NYS2d 363] —Judgment, Supreme Court, Bronx County (Richard Price, J.), rendered January 9, 2002, convicting defendant, after a nonjury trial, of criminal sale of a controlled substance in the fourth degree, and sentencing him, as a second felony offender, to a term of 3 to 6 years, unanimously affirmed.

Although criminal sale of a controlled substance in the fourth degree is not a lesser included offense of either criminal sale of a controlled substance in or near school grounds or criminal sale of a controlled substance in the third degree, the crimes for which defendant was indicted, defendant waived that objection by specifically requesting the submission of fourth-degree sale (*People v Ford,* 62 NY2d 275; *People v Shaffer,* 66 NY2d 663, 664-665). Defendant's challenge to the sufficiency of the evidence is unpreserved (*People v Gray,* 86 NY2d 10; *see also People v Dekle,* 56 NY2d 835, 837), and we decline to review it in the interest of justice, particularly since defendant himself sought and received the benefit of being convicted of the less serious charge of fourth-degree sale (*see Shaffer, supra*).

The court properly exercised its discretion in receiving evidence that immediately prior to the instant undercover sale, defendant had an encounter with another person that was suggestive of an offer to sell drugs. This testimony was properly admitted to complete the narrative of the charged crime in that it permitted the undercover officer to explain the circumstances of his meeting with defendant, leading up to the sale

for which he was arrested (*see People v Brown*, 211 AD2d 405; *People v Crespo*, 203 AD2d 182, *lv denied* 84 NY2d 824). Moreover, this evidence was not unduly prejudicial (*see People v Pressley*, 216 AD2d 202, *lv denied* 86 NY2d 800), especially in a nonjury trial where the court is presumed to have disregarded prejudicial aspects of evidence (*see People v Moreno*, 70 NY2d 403).

The record establishes that defendant received meaningful representation (*see People v Benevento*, 91 NY2d 708, 713-714; *Strickland v Washington*, 466 US 668). Trial counsel's consent to closure of the courtroom during the testimony of two officers did not deprive defendant of effective assistance, particularly since counsel stated that no one interested in defendant's case would be attending the trial, and the prosecution established on the record adequate reasons for the closure even if defense counsel had challenged it. Concur—Williams, P.J., Mazzarelli, Buckley, Friedman and Marlow, JJ.