■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER PARRIS, Appellant. [766 NYS2d 431]—

Judgment, Supreme Court, New York County (George Daniels, J., at hearings; Colleen McMahon, J., at jury trial and sentence), rendered July 8, 1998, convicting defendant of burglary in the first degree (two counts), criminal possession of a weapon in the third degree and criminal mischief in the fourth degree (three counts), and sentencing him, as a second violent felony offender, to two consecutive terms of 15 years, concurrent with concurrent terms of 2½ to 5 years and 1 year (three terms), unanimously affirmed.

Although certain minutes of jury selection and other preliminary proceedings have been lost, defendant has not established that he is entitled to either reversal of his conviction or a reconstruction hearing, since he has not shown that any appealable issue may exist with respect to those proceedings (see People v Glass, 43 NY2d 283, 286 [1977]; People v Fabelo, 211 AD2d 517 [1995], lv denied 85 NY2d 908 [1995]; People v Santiago, 158 AD2d 252 [1990]).

The court properly exercised its discretion in denying defendant's mistrial motion based on the prosecutor's summation comment that the jury owed it to the victims and to themselves to convict defendant, since the court's curative action at the time of the comment was sufficient to prevent any prejudice (see People v Santiago, 52 NY2d 865 [1981]). The prosecutor's summation argument concerning the interpretation of certain photographs drew a reasonable inference from the evidence. Defendant's remaining challenges to the prosecutor's summation are unpreserved and we decline to review them in the interest of justice. Were we to reach these arguments, we would find no basis for reversal (see People v Overlee, 236 AD2d 133 [1997], lv denied 91 NY2d 976 [1998]; People v D'Alessandro, 184 AD2d 114, 118-119 [1992], lv denied 81 NY2d 884 [1993]).

Defendant was not deprived of either his right to counsel of his choosing or his right to present a defense when, after defendant chose to retain new counsel in the midst of the suppression hearing, the hearing court refused to permit the substitution unless defendant's new counsel would complete the hearing without further delay (cf. *People v Arroyave*, 49 NY2d 264, 271 [1980]). The court had already granted a substantial adjournment for defendant's prior counsel to seek out any witnesses the defense wished to call, and defendant's new counsel, after consultation with both defendant and with defendant's prior counsel, indicated that he was prepared to finish the hearing and did not intend to call any witnesses. The record establishes that defendant was competently represented by both attorneys as the hearing came to its conclusion.

The record does not establish that defendant was absent from a bench conference conducted by the hearing court. "Since the jury was not in the courtroom, it would be entirely speculative to conclude that the [bench conference] was conducted in a hushed dialogue out of defendant's hearing" (*People v Gonzalez*, 203 AD2d 192 [1994], *lv denied* 84 NY2d 826 [1994]). In any event, since only legal and administrative matters were discussed at the sidebar at issue, defendant's presence was not required (*see People v Williams*, 85 NY2d 945 [1995]; *People v Velasco*, 77 NY2d 469 [1991]).

We perceive no basis for reducing the sentence.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Nardelli, J.P., Mazzarelli, Andrias, Sullivan and Lerner, JJ.