■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL HOFLER, Appellant. [767 NYS2d 774]—

Judgment, Supreme Court, New York County (Franklin Weissberg, J.), rendered October 22, 1996, convicting defendant, upon his plea of guilty, of attempted robbery in the first degree, criminal possession of a weapon in the third degree and bail jumping in the first and second degrees, and sentencing him, as a persistent violent felony offender, to an aggregate term of eight years, unanimously affirmed.

Although the minutes of his plea allocution cannot be located, defendant is not entitled to either reversal or a reconstruction hearing. Defendant has not rebutted the presumption of regularity attaching to judicial proceedings and has not articulated any appealable issue associated with his plea (see People v Glass, 43 NY2d 283, 286 [1977]; People v Fabelo, 211 AD2d 517 [1995], lv denied 85 NY2d 908 [1995]; People v Council, 162 AD2d 365 [1990], lv denied 76 NY2d 984 [1990]). The presumption of regularity is particularly significant in guilty plea cases (People v Bell, 36 AD2d 406 [1971], affd 29 NY2d 882 [1972]), because "plea situations are ordinarily marked by the absence of controverted issues," and "in the plea situation the defendant tacitly indicates that no further judicial inquiry is required" (People v Lynn, 28 NY2d 196, 202 [1971]). Moreover, in this case, the sentencing minutes reveal that defendant did not move to withdraw his plea, and his failure to make such an application would seriously undermine his ability to challenge his plea on appeal (see People v Toxey, 86 NY2d 725 [1995]; People v Lopez, 71 NY2d 662, 665 [1988]). Concur—Buckley, P.J., Andrias, Saxe, Williams and Gonzalez, JJ.