■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALEX NANCE, Appellant. [770 NYS2d 524]—

Appeal from a judgment of Erie County Court (DiTullio, J.), entered March 14, 2001, convicting defendant after a jury trial of, inter alia, murder in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him of two counts of murder in the second degree (Penal Law § 125.25 [1], [3]) and one count each of robbery in the first degree (§ 160.15 [1]) and intimidating a victim or witness in the third degree (§ 215.15 [1]). The verdict is not against the weight of the evidence on the issue of defendant's identity as one of the perpetrators (*see People v Goree,* 309 AD2d 1204 [2003]; *People v Quinney,* 305 AD2d 1044 [2003], *lv denied* 100 NY2d 586 [2003]; *People v Owens,* 275 AD2d 905, 906 [2000], *lv denied* 95 NY2d 937 [2000]; *see generally People v Bleakley,* 69 NY2d 490, 495 [1987]), nor is it against the weight of the evidence on the issues whether defendant stole the victim's money and intimidated a witness by threatening her with bodily harm (*see generally Bleakley,* 69 NY2d at 495).

Although County Court was without authority to allow two television stations to videotape or broadcast the trial (*see Matter of Santiago v Bristol,* 273 AD2d 813, 814 [2000], *appeal dismissed* 95 NY2d 847 [2000], *lv denied* 95 NY2d 848 [2000]; *see also* Civil Rights Law § 52; 22 NYCRR 29.1 [a]), we cannot conclude that defendant was thereby deprived of a fair trial absent a showing of actual prejudice (*see Chandler v Florida,* 449 US 560, 581-582 [1981]; *see also People v Burdo,* 256 AD2d 737, 738-739 [1998]). Defendant has failed "to show that the media's coverage of his case . . . compromised the ability of the jury to judge him fairly" or "had an adverse impact on the trial participants sufficient to constitute a denial of due process" (*Chandler,* 449 US at 581).

There is no merit to defendant's contention concerning an alleged *Rosario* violation with respect to the prior statement of a witness (*see* CPL 240.45 [1] [a]). There is no evidence that the trial prosecutor ever had possession or control of the witness's prior statement, which had been given to a private investigator and an attorney for a third party (*see generally People v Kelly,* 88 NY2d 248, 251-252 [1996]).

Defendant was not denied effective assistance of counsel. The evidence, the law and the circumstances of this case, viewed in totality and as of the time of the representation, establish that defendant received meaningful representation (*see generally*

*People v Baldi,* 54 NY2d 137, 147 [1981]; *People v Davis,* 307 AD2d 722, 723 [2003], *lv denied* 100 NY2d 619 [2003]).

The sentence is not unduly harsh or severe. We have reviewed the contentions raised in defendant's pro se supplemental brief and conclude that they are without merit. Present—Pigott, Jr., P.J., Wisner, Kehoe, Lawton and Hayes, JJ.