[823 NE2d 827, 790 NYS2d 421]

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PETER PARRIS, Appellant.

THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONNELL HOFLER, Appellant.

Argued November 18, 2004; decided December 21, 2004

## POINTS OF COUNSEL

*Kostelanetz & Fink, LLP,* New York City (*Christopher M. Ferguson* of counsel), and *Office of the Appellate Defender (Richard*

*M. Greenberg* and *Sara Gurwitch* of counsel) for appellant in the first above-entitled action. I. Where the State of New York has not provided Mr. Parris with the transcript of a vital portion of the trial proceedings that is virtually impossible to reconstruct—the entirety of jury voir dire—his conviction should be reversed and a new trial ordered. (*Griffin v Illinois,* 351 US 12; *People v Yavru-Sakuk,* 98 NY2d 56; *People v Rivera,* 39 NY2d 519; *People v Mealer,* 57 NY2d 214; *Mayer v City of Chicago,* 404 US 189; *People v Harrison,* 85 NY2d 794; *Hopt v Utah,* 110 US 574; *United States v White,* 980 F2d 836; *Gomez v United States,* 490 US 858; *People v Velasquez,* 1 NY3d 44.) II. At a bare minimum, Mr. Parris is entitled to a reconstruction hearing in order to attempt to recreate jury voir dire, as well as the *Sandoval* and speedy trial proceedings below. (*People v Santiago,* 158 AD2d 252; *People v Marquez,* 2 AD3d 343; *People v Hofler,* 2 AD3d 176; *People v Dokes,* 79 NY2d 656; *People v Oglesby,* 137 AD2d 840; *People v Monclavo,* 87 NY2d 1029; *People v Michalek,* 82 NY2d 906; *People v Brown,* 114 AD2d 418; *People v Mendez,* 63 AD2d 69; *People v Mealer,* 57 NY2d 214.)

*Robert M. Morgenthau, District Attorney,* New York City (*Eleanor J. Ostrow* and *Hilary Hassler* of counsel), for respondent in the first above-entitled action. The Appellate Division correctly determined that defendant was not entitled to a reversal and new trial, or a reconstruction hearing, where he made no showing at all that he was prejudiced by the unavailability of a complete transcript on appeal, or even that there were appealable issues in the untranscribed portions of the record. (*People v Rivera,* 39 NY2d 519; *People v Mealer,* 57 NY2d 214, 460 US 1024; *People v Harrison,* 85 NY2d 794; *People v Richetti,* 302 NY 290; *People v Glass,* 43 NY2d 283; *People v Velasquez,* 1 NY3d 44; *People v Jackson,* 98 NY2d 555; *People v Yavru-Sakuk,* 98 NY2d 56; *People v Mendoza,* 82 NY2d 415; *People v Gruden,* 42 NY2d 214.)

*Office of the Appellate Defender,* New York City (*Sara Gurwitch, Richard M. Greenberg* and *Salina M. Kanai* of counsel), for appellant in the second above-entitled action. Where the State of New York has failed to provide Donnell Hofler an adequate record for appeal, Mr. Hofler's fundamental right to meaningful appellate review has been fatally compromised. (*People v Montgomery,* 24 NY2d 130; *People v Harrison,* 85 NY2d 794; *People v Cameron,* 219 AD2d 662; *People v Marquez,* 2 AD3d 343, 2 NY3d 763; *People v Parris,* 1 AD3d 134, 2 NY3d 764; *People v Council,* 162 AD2d 365; *People v Gonzalez,* 110

AD2d 592; *People v Lopez,* 97 AD2d 5; *People v Yavru-Sakuk,* 98 NY2d 56; *Mayer v City of Chicago,* 404 US 189.)

*Robert M. Morgenthau, District Attorney,* New York City (*Eleanor J. Ostrow* and *Hilary Hassler* of counsel), for respondent in the second above-entitled action. The unavailability of the guilty plea minutes does not entitle defendant to a reversal of the judgment or a reconstruction hearing. (*People v Hall,* 200 AD2d 474; *People v Parris,* 1 AD3d 134, 2 NY3d 764; *People v Rivera,* 39 NY2d 519; *People v Mealer,* 57 NY2d 214, 460 US 1024; *People v Harrison,* 85 NY2d 794; *People v Richetti,* 302 NY 290; *People v Glass,* 43 NY2d 283; *People v Bell,* 36 AD2d 406, 29 NY2d 882; *People v Alexander,* 97 NY2d 482; *People v Taylor,* 65 NY2d 1.)

## OPINION OF THE COURT

R.S. SMITH, J.

In both of these cases, the reporter's minutes of some proceedings were lost, and so never transcribed. Each defendant asks us to reverse his conviction on that ground. Each also asks that, if we do not grant reversal, we order a reconstruction hearing at which the events of the untranscribed proceedings would be recreated, as far as possible, from the memories of the participants and any surviving records.

We have previously held that a loss of reporter's minutes is rarely sufficient reason in itself for reversing a conviction, and we reject that remedy in both of these cases. As to defendants' requests for an alternative remedy, we hold that, where a significant portion of the minutes has been lost: (1) a reconstruction hearing should normally be available for a defendant appealing his conviction after trial, if the defendant has acted with reasonable diligence to mitigate the harm done by the mishap; but (2) a defendant who has pleaded guilty is entitled to a reconstruction hearing only where he can identify a ground for appeal that is based on something that occurred during the untranscribed proceeding.

These rules require an affirmance in both of these cases. Defendant in *People v Parris,* who was convicted after trial, did not make reasonable efforts to mitigate any harm resulting from the loss of the minutes. Defendant in *People v Hofler,* who pleaded guilty, has identified no issue to which the missing minutes are relevant.

## Facts and Procedural History

A. *People v Parris*

Peter Parris was convicted of burglary and other charges after a jury trial in May 1998, and was sentenced on July 8, 1998. He filed a timely notice of appeal, but the prosecution of the appeal was long delayed. When the record on appeal was finally filed in the Appellate Division on May 8, 2001, it contained an affidavit from a court reporter saying that she could not locate her notes for proceedings held on April 30 and May 4, 1998.

A worksheet prepared in Supreme Court shows that on April 30, 1998 the court denied Parris's motion to dismiss the indictment pursuant to CPL 30.30 and heard his motion under *People v Sandoval* (34 NY2d 371 [1974]), and that on May 4, 1998 a jury was selected and sworn. Parris was or should have been aware, no later than May of 2001, that the minutes of these proceedings were missing.

There is no indication that Parris reacted to this information in any way until he filed his brief in the Appellate Division some 18 months later, on November 12, 2002. Point one of the brief argued that his conviction should be reversed, or a reconstruction hearing ordered, because the minutes had been lost. On February 21, 2003, the prosecution moved to have the appeal removed from the Appellate Division calendar "until such time as the defendant either moves for reconstruction of the court file or stipulates that he cannot make the showing necessary to obtain one." Parris's counsel filed an affirmation in opposition to the motion, arguing that the prosecution, not the defense, should bear the burden of providing an adequate record. The Appellate Division denied the motion "without prejudice to the People raising the argument in their respondent's brief on the appeal."

Later, the Appellate Division affirmed Parris's conviction, saying that he "has not established that he is entitled to either reversal of his conviction or a reconstruction hearing, since he has not shown that any appealable issue may exist with respect to those proceedings." (1 AD3d 134, 134 [2003].) We affirm on grounds different from those stated by the Appellate Division.

B. *People v Hofler*

Donnell Hofler pleaded guilty on September 26, 1996 to charges of criminal possession of a weapon, attempted robbery and bail jumping. He was sentenced on October 22, 1996; the sentencing minutes contain no motion to withdraw the plea,

and no indication that the plea proceedings were defective. Hofler filed a timely notice of appeal, but did not perfect the appeal for several years. An affidavit of a court reporter dated August 1, 2002 says that he is unable to locate his notes of the September 26, 1996 proceeding.

Hofler's only argument in his Appellate Division brief was that the loss of the minutes entitled him to either a reversal or a reconstruction hearing. The Appellate Division affirmed, relying on "the presumption of regularity attaching to judicial proceedings." (2 AD3d 176 [2003].) We agree with the Appellate Division, and affirm.

## Discussion

On these facts, neither appellant is entitled to either form of relief he seeks—reversal of his conviction, or a reconstruction hearing.

### A. Reversal

We held in *People v Glass* (43 NY2d 283 [1977]), and hold again now, that the loss of minutes does not by itself require the reversal of a conviction. To overcome the presumption of regularity, a defendant must show not only that minutes are missing, but also "that there were inadequate means from which it could be determined whether appealable and reviewable issues were present" (*id.* at 287). In *Glass*, we relied on *People v Rivera* (39 NY2d 519, 523 [1976]), where we said:

> "[W]hile a defendant should have as fair an appeal as possible, and while, if the use of available minutes would aid in assuring it, he is entitled to have their assistance, unless they have become unavailable because of any active fault on the part of the People, it does not necessarily follow from the fact that their absence compels resort to a less perfect record, that the right to appeal must be deemed to be frustrated. For, in this imperfect world, the right of a defendant to a fair appeal, or for that matter a fair trial, does not necessarily guarantee him a perfect trial or a perfect appeal."

Though we implied in *Rivera* (as we later held in *Glass*) that the absence of minutes would not normally justify reversal, we held reversal to be proper in *Rivera*; it is, so far, the only case in which we have held that the inadvertent loss of stenographic minutes caused the defendant such severe prejudice that

reversal was warranted. There, the proceedings as to which no minutes could be found had occurred 20 years before, and virtually every possible source for reconstructing the events had vanished: the judge had died; the prosecutor's memory had been impaired by a stroke; Rivera's court appointed counsel, since disbarred, could not be located; and Rivera himself suffered from "a complete retrograde amnesia of the trial" (39 NY2d at 524). We held that "[u]nder these unusual circumstances, the presumption of regularity which ordinarily attaches to judicial proceedings . . . does not avail the People . . . ." (*Id.* at 524-525.)

■ Neither Parris nor Hofler can make a showing of prejudice remotely comparable to Rivera's. Parris argues that there is prejudice not because all possible sources of reconstruction have disappeared, but because the sources are too numerous. He suggests that voir dire would be "nearly impossible to recreate . . . without the assistance of . . . the entire pool of prospective jurors." We disagree. A determination of whether any significant issues arose during the voir dire and were preserved for appellate review should be possible without any such massive inquiry. Parris argues that no hearing could recreate jury selection in all its details, but he has not shown that, if he had acted diligently, an adequate reconstruction of those proceedings could not have been achieved. We repeat our remark in *Rivera* that, where the absence of minutes results from inadvertence, "resort to a less perfect record" is not an infringement of a criminal defendant's rights.

■ ■ Both Parris and Hofler claim prejudice resulting from the fact that, in each case, the judge who presided at the untranscribed proceedings no longer sits in Supreme Court. Neither of them can show, however, that it would be impossible to obtain information about those proceedings from the judge, or that the proceedings could not be reconstructed with information from other sources.

We therefore conclude that neither Parris nor Hofler is entitled to reversal of his conviction.

B. Reconstruction Hearing

We mentioned in *Rivera* the possibility of remedying the loss of minutes through "a hearing to determine . . . the availability of means other than a transcript for the presentation of the appealable and reviewable issues" (39 NY2d at 523). We added that "[s]uch a hearing may also be directed to determining . . .

the adequacy of the substitute means and the presence of the issues themselves, if any'' (*id.*). We made similar observations in *Glass* (43 NY2d at 286) and in *People v Velasquez* (1 NY3d 44, 49 [2003]), and in still other cases we have relied on the result of a reconstruction hearing (*People v Mealer*, 57 NY2d 214 [1982]) and have ordered that one take place (*People v Michalek*, 82 NY2d 906 [1994]). We have never stated a rule, however, for deciding when a reconstruction hearing is required.

The prosecution argues and the Appellate Division held, in both *Parris* and *Hofler*, that no such hearing should be required unless the defendant can show that some appealable issue arose during the untranscribed proceedings. Where no such showing is made, the prosecution urges, the presumption of regularity of judicial proceedings should apply. We find this rule too harsh, however, as it applies to defendants who, like Parris, are appealing a conviction after trial. It is the routine procedure, in such cases, for appellate counsel to read the record looking for appellate issues, and it is not unusual for such a reading to unearth issues, sometimes meritorious ones, that appellate counsel would not otherwise have known about. Thus, where a significant part of the minutes has been lost, a defendant appealing after trial is, through no fault of his own, subject to a more than trivial disadvantage. It should not burden the trial courts excessively to provide defendants, in those relatively few cases, the opportunity to remedy that disadvantage, to the extent that a reconstruction hearing can do so.

A defendant who wants a reconstruction hearing, however, should be diligent in maximizing the possibility that such a hearing can accomplish its purpose. That means, as a minimum, that defendant should move for a reconstruction hearing promptly after learning that the minutes have been lost. A defendant should also pursue promptly whatever other means are available to increase the likelihood that proceedings can effectively be reconstructed. This might well include, in a typical case, contacting defendant's trial counsel, the prosecutor and the judge, to jog their recollections and to ask that they preserve whatever notes or other records of the proceedings might exist; and also to ask that defendant's trial counsel furnish appellate counsel, without a formal hearing, the benefit of his or her notes or recollection. A defendant who does not proceed diligently is open to the suspicion that he thinks the likelihood of really finding significant appellate issues remote—and would prefer failure in reconstructing the proceedings to success, hoping to claim prejudice when reconstruction proves impossible.

Parris's lack of diligence here certainly leaves him open to that suspicion. From the time, more than 3½ years ago, when he learned the minutes were missing he has not behaved in the least like someone eager to obtain the best record possible of what happened at the untranscribed proceedings. For 18 months, he made no efforts to obtain a reconstruction hearing, and at the end of that time he did not make a motion for an immediate hearing, but only requested one as an alternative remedy in his brief. When the prosecution made a motion that might have expedited a reconstruction hearing, Parris opposed the motion, successfully.

In our view, fairness does not require providing a reconstruction hearing to a defendant whose conduct does not evidence a good faith purpose to obtain prompt and effective reconstruction. We therefore reject Parris's claim that he is entitled to a reconstruction hearing.

In *Hofler*, we conclude that it is unnecessary to inquire into defendant's diligence in seeking a reconstruction hearing. The situation of a defendant, like Hofler, who has pleaded guilty is different from that of one who has been convicted after trial. In the latter case, the normal course of events is an appeal, in which appellate counsel scrutinizes the record for reversible error. But a defendant who has pleaded guilty has been convicted with his own consent. His plea generally "marks the end of a criminal case, not a gateway to further litigation" (*People v Taylor*, 65 NY2d 1, 5 [1985]). A defendant who pleads guilty forfeits the right to obtain review of many flaws in the proceedings (*People v Lynn*, 28 NY2d 196, 201-202 [1971]; *see also Boykin v Alabama*, 395 US 238, 243 [1969]), and even those claims that are not forfeited cannot ordinarily be raised on appeal unless they are preserved by a motion in the trial court to withdraw the plea (*People v Lopez*, 71 NY2d 662 [1988]). When such a motion is made, the defendant must assert some ground for it, and where minutes relevant to that ground have been lost, a reconstruction hearing may be appropriate. But only very rarely does a defendant who has pleaded guilty have a valid ground for appeal that comes to light only when his lawyer reviews the minutes of his plea or sentence.

We therefore agree with the Appellate Division's decision in *People v Bell* (36 AD2d 406, 408 [2d Dept 1971], *affd without op* 29 NY2d 882 [1972]), holding that a defendant who has pleaded guilty, in order to obtain a reconstruction hearing, "must set forth appealable grounds, i.e., the nature of those issues which

would have been raised on appeal had the plea and sentence minutes been available." As the Appellate Division explained in *Bell*, in such a case the presumption of regularity of judicial proceedings is reinforced by another presumption—"that by pleading guilty a 'defendant has neither reason nor desire to prosecute an appeal' (*People* v. *Lynn*, 28 N Y 2d 196, 202)" (*id.*). Since Hofler has not identified any appealable issues, we conclude that he is not entitled to a reconstruction hearing.

Accordingly, in each case, the order of the Appellate Division should be affirmed.

Chief Judge KAYE and Judges G.B. SMITH, CIPARICK, ROSEN-BLATT, GRAFFEO and READ concur.

In each case: Order affirmed.