■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v NICHOLAS MARQUEZ, Appellant. [791 NYS2d 7]—

Upon remittitur from the Court of Appeals, appeal from judgment, Supreme Court, New York County (Edward J. McLaughlin, J.), rendered October 5, 2000, convicting defendant, after a jury trial, of criminal sale of a controlled substance in or near school grounds, criminal sale of a controlled substance in the third degree and criminal possession of a controlled substance in the third degree, and sentencing him, as a second felony offender, to concurrent terms of 7 to 14 years, held in abeyance, and the matter remanded to Supreme Court for a reconstruction hearing.

On direct appeal, this Court previously affirmed defendant's judgment of conviction (2 AD3d 343 [2003]). In our decision, we rejected defendant's argument that he was entitled to a reconstruction hearing, adhering to our earlier determination denying his motion for such relief, and stating that, in any event, defendant was not entitled to a reconstruction hearing "since he has not shown that any appealable issue may exist with respect to those proceedings" (*id.*).

Subsequently, the Court of Appeals granted defendant's motion for leave to appeal (2 NY3d 763 [2004]), as it did in two other cases raising a similar issue (*People v Parris*, 1 AD3d 134 [2003], *lv granted* 2 NY3d 764 [2004]; *People v Hofler*, 2 AD3d 176 [2003], *lv granted* 2 NY3d 741 [2004]). In disposing of the two other cases, the Court of Appeals issued a single opinion affirming those defendants' convictions, and in doing so, it announced the appropriate standard for determining whether a reconstruction hearing is required (*see People v Parris*, 4 NY3d 41 [2004]).

In *Parris* (at 44), the Court held that in circumstances "where a significant portion of the minutes has been lost," a defendant appealing a conviction after trial is normally entitled to a reconstruction hearing "if [he] has acted with reasonable diligence to mitigate the harm done by the mishap." Since the record in *Parris* was sufficient to determine as a matter of law that the defendant Parris had not acted with reasonable diligence, his conviction was affirmed (*id.* at 48-49).

However, in this case, the Court of Appeals found that the record was not sufficient for it to rule on the issue of whether this defendant had acted with reasonable diligence, and, accordingly, reversed and remitted the case to us for further consideration in light of *Parris* (4 NY3d 41 [2004]).

On remittal, defense counsel has submitted an affirmation

detailing his extensive efforts to obtain a reconstruction hearing. Such efforts included contacting defendant's trial counsel, the trial prosecutor and the law clerk to the Trial Justice, all for the purpose of requesting that any notes of the trial be retained for a potential reconstruction hearing. Subsequently, within two months after learning that the minutes of the voir dire and *Sandoval* proceedings had been irretrievably lost, defendant's appellate counsel moved this Court for a reconstruction hearing, which was denied by order dated February 25, 2003. Later, as noted, appellate counsel again raised the issue of a reconstruction hearing on direct appeal, without success.

Notably, the People have submitted a letter indicating their consent to a remand to Supreme Court for a reconstruction hearing.

Accordingly, in light of defendant's demonstration of reasonable diligence in mitigating the harm from the lost minutes, and upon the People's express consent, this matter is remanded to Supreme Court for a reconstruction hearing with respect to the voir dire and *Sandoval* proceedings. Concur—Buckley, P.J., Andrias, Friedman, Sullivan and Gonzalez, JJ.