■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MARK THOMPSON, Appellant. [816 NYS2d 70]—

Judgment, Supreme Court, New York County (Arlene Silverman, J.), rendered July 30, 2003, convicting defendant, after a jury trial, of criminal sale of a controlled substance in the third degree, and sentencing him to a term of $1^1/_3$ to 4 years, unanimously affirmed.

We decline to order a reconstruction hearing to determine whether three unrecorded bench conferences from which defendant was excluded, over his counsel's objection, involved subject

matters that implicated defendant's right to be present at all material stages of the trial. A reconstruction hearing may be appropriate where, as here, the trial court refuses to record the proceedings in question (*People v Velasquez*, 1 NY3d 44, 49 [2003]; *People v Davidson*, 89 NY2d 881 [1996]). Here, however, defense counsel was afforded the opportunity to place his recollections of the bench conferences from which defendant was excluded on the record, but declined to do so. Had he made such a record, this Court would have been in a position to determine whether defendant had the right to be present without needing to order a reconstruction hearing that would involve the trial participants' stale recollections (*cf. People v Parris*, 4 NY3d 41, 48-49 [2004] [relevance of diligence and good faith as criteria for determining request for reconstruction hearing]).

The court properly exercised its discretion in allowing the prosecutor to introduce the rebuttal testimony of the arresting officer concerning, among other things, whether defendant was in possession of a bag of new shoes at the time of his arrest since defendant raised such an issue in an effort to suggest that he was engaging in innocent behavior at the time of his arrest (*see e.g. People v Crumbs*, 295 AD2d 227 [2002], *lv denied* 99 NY2d 534 [2002]). The court also properly exercised its discretion in precluding defendant from testifying on surrebuttal concerning the shoes since he had already testified about purchasing the shoes and still having them with him at the time of his arrest, in direct contradiction to the officer's testimony.

Defendant's remaining contentions are unpreserved and we decline to review them in the interest of justice. Were we to review these claims, we would reject them. Concur—Marlow, J.P., Williams, Gonzalez, Sweeny and Catterson, JJ.