*315 Judgment, Supreme Court, New York County (Leslie Crocker Snyder, J.), rendered July 11, 1991, convicting defendant, after a jury trial, of murder in the second degree, assault in the second degree (two counts) and criminal possession of a weapon in the second degree, and sentencing him to an aggregate term of 29 2/3 years to life, affirmed.
Defendant is not entitled to reversal based on his alleged absence from an unrecorded Ventimiglia hearing, since he has not established that he was absent. There is nothing in the record indicating whether defendant was present at or absent from the hearing, and no indication that defendant ever asked for the hearing to be recorded (see People v Kinchen, 60 NY2d 772 [1983]). Nor is a reconstruction hearing warranted, since defendant did not seek such a remedy until nearly 17 years after the trial (see People v Parris, 4 NY3d 41, 47-49 [2004]; People v Thompson, 30 AD3d 198 [2006]).
The court’s Sandoval ruling balanced the appropriate factors and was a proper exercise of discretion (see People v Hayes, 97 NY2d 203 [2002]; People v Walker, 83 NY2d 455, 458-459 [1994]; People v Pavao, 59 NY2d 282, 292 [1983]). The court properly permitted the prosecutor to make a limited inquiry into the underlying facts of defendant’s Florida arrest. With regard to the Sandoval issue, the only preserved argument is defendant’s assertion that the probative value of these facts was outweighed by their prejudicial effect. However, the Florida incident was highly probative of defendant’s credibility, and the court minimized its prejudicial effect by precluding questions about some of the underlying facts. The fact that the Florida incident had certain similarities to the charged crime did not require preclusion of inquiry (see Hayes, 97 NY2d at 208). Nor does the fact that the charges were dismissed due to the failure of the victim to come forward preclude inquiry, since the dismissal was not on the merits (see People v Matthews, 68 NY2d 118, 123 [1986]). Defendant’s remaining Sandoval arguments are unpreserved and we decline to review them in the interest of justice. As an alternative holding, we also reject them on the merits. Furthermore, defendant’s argument that the prosecutor gave the court misleading information about the Florida incident is not properly before this Court since it is based on factual assertions outside the record and since defendant raised it in an unsuccessful CPL 440.10 motion but failed to obtain leave to appeal (see People v Walker, 283 AD2d 378 [2001]).
Defendant failed to preserve his argument that the trial court *316 improperly failed to make any findings of fact or conclusions of law when it denied his second speedy trial motion, his challenge to the court’s jury charge, and his claim that his sentence was improperly based on evidence of uncharged crimes, and we decline to review them in the interest of justice. As an alternative holding, we also find each of these arguments without merit.
We perceive no basis for reducing the sentence. Concur— Andrias, J.E, Nardelli, Moskowitz and Renwick, JJ.
McGuire, J., concurs in a separate memorandum as follows: I do not agree that the Sandoval ruling was proper. Nevertheless, I would not disturb the judgment of conviction.
Of course, the ruling was not improper to the extent it allowed the prosecutor to ask on cross-examination whether defendant had been “convicted of possessing marihuana” and “selling it from such and such a location,” despite the fact that the charged crimes arise out of defendant’s involvement in the sale of marihuana (see People v Hayes, 97 NY2d 203, 208 [2002]). But I believe that the trial court abused its discretion in permitting questioning about the Florida incident. As was undisputed, all charges against defendant arising out of whatever happened in Florida were dismissed. Nonetheless, Supreme Court permitted the prosecutor to ask “whether [defendant] in fact participated in torturing the person or another person who was believed to be viewed as a threat.”
The question or questions about torture that thus were allowed were particularly prejudicial because the prosecutor never alleged that defendant personally had participated in the acts of torture. Yet, whether he “in fact participated” was the very question Supreme Court allowed the prosecutor to ask.
Given the similarity to the charged offenses, which also involved acts of violence arising out of defendant’s alleged involvement in the business of selling marihuana, the dismissal of the charges in Florida against defendant (and all the others initially charged), the absence of facts establishing defendant’s personal participation in the alleged acts of torture, and the inflammatory nature of the permitted question or questions concerning torture, the prejudicial impact of the permitted questions clearly outweighed any probative value. Accordingly, I conclude that the trial court abused its discretion {cfi People v Moore, 156 AD2d 394, 395 [1989]).
Defendant, however, is not entitled to a new trial for two independent reasons. First, given the overwhelming evidence of guilt the Sandoval ruling was harmless under the standard applicable to such nonconstitutional error (People v Grant, 7 NY3d *317 421 [2006]). Second, defendant failed to perfect his appeal to this Court for more than 15 years after the judgment of conviction was rendered, and makes no effort to justify this extraordinary delay. Nonetheless, defendant maintains that he now should receive a new trial despite the inevitable prejudice to the People on account of this delay for which he is responsible. Accordingly, I conclude that defendant both has waived and forfeited any claim for a new trial on this ground. By contrast, I would not conclude that defendant has waived or forfeited his claim that he was denied his constitutional right to a speedy trial; that claim, if it were meritorious, would require dismissal of the indictment.