■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JAIME QUINONES, Appellant. [976 NYS2d 62]—

Judgment, Supreme Court, New York County (Rena K. Uviller, J., on suppression motion; Richard Carruthers, J., at plea, sentencing and resentencing), rendered July 30, 2008, as amended February 29, 2012, convicting defendant of attempted robbery in the first degree, and sentencing him, as a persistent violent felony offender, to a term of 16 years to life, unanimously affirmed.

The court properly denied that portion of appellant's suppression motion that sought a hearing under *Dunaway v New York* (442 US 200 [1979]) concerning the legality of the arrest that resulted in defendant's confession. The information provided to defendant explained how he came to be arrested for a robbery.

In his suppression motion, defendant made only a vague challenge to the stated factual predicate for his arrest, and he did not assert any basis for suppression, or raise a factual dispute requiring a hearing (*see People v Jones*, 95 NY2d 721, 728-729 [2001]). To the extent that, on appeal, defendant asserts a ground for suppression, that is an issue that should have been raised in his moving papers.

In adjudicating defendant a persistent violent felony offender, the court properly relied upon an otherwise qualifying 1991 conviction for which no plea or sentencing minutes are available. Defendant failed to overcome the presumption of regularity regarding his prior conviction, or provide any reason to believe that he would have been able to meet his burden of establishing that the prior conviction had been unconstitutionally obtained (*see* CPL 400.21 [7] [b]). "The presumption of regularity is particularly significant in guilty plea cases, because plea situations are ordinarily marked by the absence of controverted issues, and in the plea situation the defendant tacitly indicates that no further judicial inquiry is required" (*People v Hofler*, 2 AD3d 176, 176 [1st Dept 2003] [internal quotation marks and citations omitted], *affd* 4 NY3d 41 [2004]). There is no merit to defendant's constitutional claims, including his assertion that governmental fault contributed to the unavailability of the minutes. Concur—Tom, J.P., Saxe, De-Grasse, Richter and Clark, JJ.