People v Osman (2019 NY Slip Op 05903)





People v Osman


2019 NY Slip Op 05903


Decided on July 31, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on July 31, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, TROUTMAN, AND WINSLOW, JJ.


521 KA 02-00941

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
NICHOLAS OSMAN, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 






THOMAS THEOPHILOS, BUFFALO, FOR DEFENDANT-APPELLANT.
PATRICK E. SWANSON, DISTRICT ATTORNEY, MAYVILLE (JOHN C. ZUROSKI OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered December 3, 2001. The judgment convicted defendant, upon a jury verdict, of murder in the second degree and robbery in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: In appeal No. 1, defendant appeals from a 2001 judgment convicting him, following a jury trial, of murder in the second degree (Penal Law § 125.25 [1]) and robbery in the second degree (§ 160.10 [3]). In appeal No. 2, defendant appeals from an order settling the record in appeal No. 1. Finally, in appeal No. 3, defendant appeals from an order denying, without a hearing, his motion pursuant to CPL 440.10 seeking to vacate the judgment of conviction. At the outset, we dismiss appeal No. 2 because "[t]here is no statutory authorization for a defendant in a criminal action to appeal from" an order settling the record on appeal (People v Gibson, 266 AD2d 837, 838 [4th Dept 1999], lv denied 94 NY2d 919 [2000]; see CPL 450.10; cf. People v Fetcho, 91 NY2d 765, 769 [1998]; People v Salce, 124 AD3d 923, 927 [3d Dept 2015], lv denied 25 NY3d 1207 [2015]).
In appeal Nos. 1 and 3, defendant contends that County Court erred in refusing to sever the trial on the murder count from the trial on the robbery count after granting defendant's motion to sever defendant's trial from the trial of a codefendant. Although the codefendant moved for severance of the two counts, defendant's trial counsel failed to join in that motion. We thus conclude that defendant's contention is not preserved for our review (see People v Shaw, 249 AD2d 969, 970 [4th Dept 1998], lv denied 91 NY2d 1012 [1998]; see also People v Barber-Montemayor, 138 AD3d 1455, 1456 [4th Dept 2016], lv denied 28 NY3d 926 [2016]). Contrary to defendant's further contention in appeal Nos. 1 and 3, trial counsel was not ineffective in failing to move for severance inasmuch as the counts were properly joined under CPL 200.20 (2) (a) and (b) and, therefore, "the court had no discretion to sever them" (People v Van Duser [appeal No. 2], 277 AD2d 1034, 1035 [4th Dept 2000], lv denied 96 NY2d 739 [2001]; see CPL 200.20 [3]; People v Bongarzone, 69 NY2d 892, 895 [1987]; People v Lee, 275 AD2d 995, 997 [4th Dept 2000], lv denied 95 NY2d 966 [2000]).
Before trial, the court conducted a Cardona hearing (see People v Cardona, 41 NY2d 333 [1977]), during which the court closed the courtroom for a portion of an informant's testimony. Although defendant contends in appeal Nos. 1 and 3 that the court erred in closing the courtroom without " mak[ing] findings adequate to support the closure' " (People v Echevarria, 21 NY3d 1, 11 [2013], quoting Waller v Georgia, 467 US 39, 48 [1984]), defendant failed to preserve that contention for our review (see People v Alvarez, 20 NY3d 75, 81 [2012], cert denied 569 US 947 [2013]; People v Hinojoso-Soto, 161 AD3d 1541, 1544-1545 [4th Dept 2018], lv denied 32 NY3d 938 [2018]). We decline to exercise our power to review that contention as a matter of discretion in the interest of justice (see CPL 470.15 [6] [a]), and we further conclude that [*2]defendant was not denied meaningful representation when trial counsel failed to object to the closure inasmuch as "the prosecution established on the record adequate reasons for the closure even if defense counsel had challenged it" (People v Torres, 300 AD2d 221, 222 [1st Dept 2002], lv denied 99 NY2d 659 [2003]; see also People v Simmons, 220 AD2d 629, 630 [2d Dept 1995], lv denied 87 NY2d 907 [1995]).
Over defendant's objection, the court granted the application of a news station to place a single camera in the courtroom for the entirety of the trial proceedings. Defendant contends, in appeal No. 1, that he was denied his right to due process by the presence of the camera. We reject that contention. In our view, defendant failed to establish any "actual prejudice resulting from the presence of the camera[] during trial" (People v Odell, 26 AD3d 527, 529 [3d Dept 2006], lv denied 7 NY3d 760 [2006]; see People v Nance, 2 AD3d 1473, 1474 [4th Dept 2003], lv denied 2 NY3d 764 [2004]).
Defendant further contends, in appeal No. 3, that he was improperly compelled to wear a stun belt during his trial inasmuch as the court did not place on the record its findings showing that defendant needed such a restraint. Assuming, arguendo, that defendant was forced to wear a stun belt, we need not reverse the court's order denying defendant's CPL 440.10 motion because defendant failed to object to the use of a stun belt, and the improper use of a stun belt is not a mode of proceedings error (see People v Cooke, 24 NY3d 1196, 1197 [2015], cert denied 577 US &mdash, 136 S Ct 542 [2015]). Thus, the failure to object to the stun belt's use means that "reversal would not have been required" on a direct appeal (People v Schrock, 108 AD3d 1221, 1224 [4th Dept 2013], lv denied 22 NY3d 998 [2013], reconsideration denied 23 NY3d 1025 [2014]). As a result, even on the merits, there is no basis upon which to vacate the judgment of conviction (see CPL 440.10 [1] [f]). Defendant further contends that trial counsel was ineffective in failing to object to the use of a stun belt. We disagree. The seminal case requiring that a court place findings of fact on the record before requiring a defendant to wear a stun belt is People v Buchanan (13 NY3d 1, 4 [2009]), which was decided eight years after the judgment in this case. Although the Court's decision in Buchanan "did not announce "new" rules of law' " (People v Hall, 156 AD3d 1475, 1476 [4th Dept 2017], quoting People v Vasquez, 88 NY2d 561, 573 [1996]), we nevertheless conclude that trial counsel was not ineffective in failing to anticipate the procedural requirements established by the Court's decision in Buchanan (see People v Lewis, 102 AD3d 505, 506 [1st Dept 2013], affd 23 NY3d 179 [2014]).
We reject defendant's further contention in appeal Nos. 1 and 3 that he is entitled to a new trial due to alleged errors during jury selection. In particular, defendant contends that the court erred in denying his challenge for cause to a first prospective juror and in seating on the jury a second prospective juror who allegedly demonstrated actual bias. Defendant does not dispute that he did not peremptorily challenge the second prospective juror, but he contends that the court should have obtained from that prospective juror an unequivocal assurance of her impartiality. "By failing to raise that challenge in the trial court . . . , defendant failed to preserve it for our review" (People v Boykins, 134 AD3d 1542, 1542 [4th Dept 2015], lv denied 27 NY3d 1066 [2016] [internal quotation marks omitted]; see People v Simmons, 119 AD3d 1343, 1344 [4th Dept 2014], lv denied 24 NY3d 964 [2014], reconsideration denied 24 NY3d 1088 [2014]).
Even if we were to assume, arguendo, that the court erred in failing to excuse the second prospective juror sua sponte, such an error would not constitute reversible error "unless . . . defendant ha[d] exhausted his peremptory challenges at the time or, if he ha[d] not, he peremptorily challenge[d] such prospective juror and his peremptory challenges [were] exhausted before the selection of the jury [was] complete" (CPL 270.20 [2]; see Boykins, 134 AD3d at 1542; Simmons, 119 AD3d at 1344). Moreover, even if we were to assume, arguendo, that the court erred in failing to excuse the first prospective juror for cause, that error would likewise require reversal only if defendant, who used a peremptory challenge to strike the prospective juror, exhausted his peremptory challenges before the selection of the jury was complete (see CPL 270.20 [2]; People v Torpey, 63 NY2d 361, 365 [1984], rearg denied 64 NY2d 885 [1985]; People v Thorn, 269 AD2d 756, 756-757 [4th Dept 2000]).
The problem in these appeals is that the records in appeal Nos. 1 and 3 do not reflect whether defendant exhausted his peremptory challenges. In his CPL 440.10 motion in appeal No. 3, defendant submitted evidence establishing that, at the time of this trial, the trial judge had a practice of having attorneys write their challenges on slips of paper, which would then be [*3]placed in the court's file. In 2015, i.e., 14 years after the judgment was entered, defendant's current appellate counsel sought to review those slips of paper only to discover that they were not in the court's file and could not be located despite great effort. Defendant thus contends in appeal Nos. 1 and 3 that the loss of such vital court exhibits mandates that a new trial be granted or, in the alternative, that the matter be remitted for a reconstruction hearing. We reject those contentions.
The Court of Appeals has stated that the loss of a transcript or exhibit "is rarely sufficient reason in itself for reversing a conviction" (People v Parris, 4 NY3d 41, 44 [2004], rearg denied 4 NY3d 847 [2005]). Where, as here, a transcript or exhibit is missing from the record on an appeal following a trial, a reconstruction hearing may be ordered, but only "if the defendant has acted with reasonable diligence to mitigate the harm done by the mishap" (Parris, 4 NY3d at 44; see People v Marquez, 4 NY3d 734, 735 [2004]). If the defendant did not act with reasonable diligence, then the "conviction should be affirmed" (Marquez, 4 NY3d at 735). Thus, to be entitled to a reversal due to a missing transcript or exhibit, a defendant must overcome the presumption of regularity and "show not only that minutes [or exhibits] are missing, but also that there [are] inadequate means from which it could be determined whether appealable and reviewable issues [are] present' " (Parris, 4 NY3d at 46, quoting People v Glass, 43 NY2d 283, 287 [1977]). Courts look to whether there is any " active fault on the part of the People' " because defendants are not guaranteed a " perfect appeal' " but, rather, only a " fair appeal' " (id. at 46, quoting People v Rivera, 39 NY2d 519, 523 [1976]).
It is incumbent on a defendant seeking a reconstruction hearing to "be diligent in maximizing the possibility that such a hearing can accomplish its purpose. That means, as a minimum, that [a] defendant should move for a reconstruction hearing promptly after learning that the minutes [or exhibits] have been lost. A defendant should also pursue promptly whatever other means are available to increase the likelihood that proceedings can effectively be reconstructed . . . A defendant who does not proceed diligently is open to the suspicion that he [or she] thinks the likelihood of really finding significant appellate issues remote—and would prefer failure in reconstructing the proceedings to success, hoping to claim prejudice when reconstruction proves impossible" (id. at 48).
Here, the slips of paper indicating who made what challenges to which prospective jurors are missing, and none of the relevant parties, i.e., the judge, both prosecutors, trial counsel, the court reporter or the court clerk, could recall, 14 years after the judgment, if defendant had exhausted his peremptory challenges. Due to faded memories, the record in appeal No. 3 establishes that a reconstruction hearing would be futile, and the question becomes whether the 14-year delay in seeking such evidence should be held against defendant. We believe that it should.
There can be no dispute that, once the current appellate counsel was assigned to the case, he acted diligently in seeking other means to increase the possibility of reconstruction, i.e., his actions "evidence[d] a good faith purpose to obtain prompt and effective reconstruction" (id. at 49). Nevertheless, defendant has provided no explanation for the 14-year delay between the judgment and direct appeal, and "there was nothing to prevent [defendant] from pursuing his appeal" (People v Williams, 164 AD3d 1145, 1147 [1st Dept 2018], lv denied 32 NY3d 1179 [2019]). Moreover, defendant "has not shown that, if he had acted diligently, an adequate reconstruction of those proceedings could not have been achieved" (Parris, 4 NY3d at 47). Had defendant, through his former, privately retained appellate counsel, perfected his appeal in a timely manner, it is possible that the slips of paper might still have been with the file, and it is highly probable that the relevant parties would have been able to recall whether defendant exhausted his peremptory challenges. Where, as here, the lengthy delay is attributable to a defendant's action or inaction, the weight of appellate authority holds that the absence of the relevant transcripts or exhibits should be held against the defendant and the judgment affirmed (see id. at 49; Williams, 164 AD3d at 1146-1147; People v Carter, 91 AD3d 967, 967-968 [2d Dept 2012], lv denied 18 NY3d 992 [2012]; People v Quinones, 36 AD3d 459, 460 [1st Dept 2007], lv denied 8 NY3d 926 [2007]; see also People v Brightley, 56 AD3d 314, 315 [1st Dept 2008], lv denied 12 NY3d 756 [2009]; cf. Rivera, 39 NY2d at 523-524; People v Hill, 43 AD2d 563, 564 [2d Dept 1973]).
Inasmuch as the record does not establish that defendant exhausted his peremptory [*4]challenges, he is not entitled to reversal based on the alleged errors during jury selection (see CPL 270.20 [2]).
In appeal Nos. 1 and 3, defendant contends that the court erred in permitting the prosecution to introduce evidence of alleged threats made to the robbery victim by defendant and/or his codefendant after the robbery was completed but before the murder of a different person occurred. According to defendant, the threats to kill the robbery victim should not have been admitted on the robbery count because the robbery was fully completed and there was no force needed to retain the stolen property (cf. People v Carrel, 99 NY2d 546, 547 [2002]; People v Washington, 148 AD2d 559, 560 [2d Dept 1989], lv denied 74 NY2d 670 [1989]). With respect to the murder count, defendant contends that the threats to kill the robbery victim constituted propensity evidence whose prejudice outweighed its probative value. We reject defendant's contentions. In our view, the evidence was relevant to the crimes, and its probative value was not "substantially outweighed by the danger that it [would] unfairly prejudice the other side or mislead the jury" (People v Scarola, 71 NY2d 769, 777 [1988]).
The court admitted the evidence, but invited trial counsel to submit a limiting instruction. Contrary to defendant's contention in appeal Nos. 1 and 3, trial counsel's failure to submit such an instruction does not constitute ineffective assistance of counsel where, as here, trial counsel "may well have made a strategic decision in this regard, reasoning that such [an instruction] would only call further attention to the [threats] and, hence, would not be in his [or her] client's best interest" (People v Buchanan, 95 AD3d 1433, 1436-1437 [3d Dept 2012], lv denied 22 NY3d 1039 [2013]; see People v Bernard, 115 AD3d 1214, 1215 [4th Dept 2014], lv denied 23 NY3d 1018 [2014]; cf. People v McCallum, 162 AD3d 1740, 1742 [4th Dept 2018]). In any event, "the failure to request limiting instructions may constitute ineffective assistance of counsel [only] if the error [is] so serious that defendant did not receive a fair trial" (People v Carey, 244 AD2d 952, 953 [4th Dept 1997], lv denied 92 NY2d 849 [1998]). In our view, any error by trial counsel did not deprive defendant of a fair trial.
Defendant raises three contentions related to a jailhouse informant in appeal No. 1. None warrants reversal. First, the court correctly concluded, following the Cardona hearing, that the informant was not an agent of law enforcement (see People v Davis, 38 AD3d 1170, 1171 [4th Dept 2007], lv denied 9 NY3d 842 [2007], cert denied 552 US 1065 [2007]; see generally Cardona, 41 NY2d at 335) and, as a result, the informant's "conversations with defendant did not violate defendant's right to counsel" (People v Seymour, 255 AD2d 866, 866 [4th Dept 1998], lv denied 93 NY2d 902 [1999]; see generally Cardona, 41 NY2d at 335). Second, even assuming, arguendo, that the court erred in failing to charge the jury that it should consider any specific benefit conferred upon the informant, we conclude that the court's "failure . . . does not mandate reversal under the circumstances of this case . . . [inasmuch as] the [informant was] cross-examined thoroughly as to [his] potential motives for giving false testimony" (People v Jamison, 188 AD2d 551, 552 [2d Dept 1992], lv denied 81 NY2d 841 [1993]). With respect to defendant's third and final contention regarding the informant, we conclude that the court did not abuse its "broad discretion" in precluding trial counsel from inquiring into the informant's prior bad acts (People v Smith, 27 NY3d 652, 660 [2016], rearg denied 28 NY3d 1112 [2016]), and the court's ruling did not violate defendant's right of confrontation inasmuch as "the alleged prior bad acts were collateral to the direct evidence" (People v Gugino [appeal No. 1], 229 AD2d 968, 968 [4th Dept 1996], lv denied 89 NY2d 864 [1996]).
Defendant contends in appeal Nos. 1 and 3 that the prosecutor committed misconduct during his summation. Having reviewed each alleged instance of misconduct, we conclude that many of defendant's contentions are not preserved for our review (see CPL 470.05 [2]; People v Romero, 7 NY3d 911, 912 [2006]). In any event, any improprieties in the prosecutor's remarks were not so egregious as to deprive defendant of a fair trial and, as a result, trial counsel was not ineffective in failing to object to those allegedly improper comments (see People v Grant, 160 AD3d 1406, 1407 [4th Dept 2018], lv denied 31 NY3d 1148 [2018]; People v Edwards, 159 AD3d 1425, 1426 [4th Dept 2018], lv denied 31 NY3d 1116 [2018]).
During deliberations, the jury sent two notes, requesting an "[e]vidence [l]ist" and certain pieces of evidence, respectively. Contrary to defendant's contention in appeal No. 1, the notes did not represent "a substantive jury inquiry" (People v Nealon, 26 NY3d 152, 155-156 [2015]) and, therefore, "it was not error for the court to provide [the list and evidence] to [the jury] [*5]without further input from the parties" (People v Gelling, 163 AD3d 1489, 1491 [4th Dept 2018], amended on rearg on other grounds 164 AD3d 1673 [4th Dept 2018], lv denied 32 NY3d 1003 [2018]).
Finally, we have reviewed defendant's remaining contentions in appeal No. 1 concerning alleged evidentiary errors and allegedly improper denials of certain jury instructions, and we conclude that they are either unpreserved or lack merit.
Entered: July 31, 2019
Mark W. Bennett
Clerk of the Court