■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JITENDRA LAKRAM, Appellant. [616 NYS2d 200] —Appeal by the defendant from a judgment of the Supreme Court, Queens County (Cohen J.), rendered March 16, 1992, convicting him of robbery in the first degree, attempted robbery in the first degree, criminal possession of a weapon in the second degree (two counts), criminal possession of stolen property in the fifth degree, and unauthorized use of a motor vehicle in the third degree, upon a jury verdict, and imposing sentence. The

appeal brings up for review the denial, after a hearing, of that branch of the defendant's omnibus motion which was to suppress identification evidence.

Ordered that the judgment is affirmed.

Contrary to the defendant's contention on appeal, the hearing court properly denied the motion to suppress the victim's showup identification of the defendant, since it was conducted in close spatial and temporal proximity to the crime and was not unduly suggestive (see, People v Mitchell, 185 AD2d 249; People v Duuvon, 77 NY2d 541). We also reject the defendant's contention that it was prejudicial to admit the photograph taken of him at the time of his arrest. It is well-settled that arrest photographs may be admitted to establish a defendant's appearance at the time of the crime (see, People v Logan, 25 NY2d 184, 195; People v Rios, 156 AD2d 397, 398).

With respect to Supreme Court's Sandoval ruling, it was not an improvident exercise of discretion to allow the prosecutor to cross-examine the defendant regarding three of his nine prior convictions (see, People v Branch, 155 AD2d 475). The similarity between the prior crimes and the crimes charged does not automatically preclude inquiry (see, People v Pavao, 59 NY2d 282). Moreover, in limiting cross-examination to three of the defendant's prior convictions, the court exercised a proper balance between the probative value of the convictions for impeachment purposes and the prejudicial effect of such impeachment upon the defendant (see, People v Sandoval, 34 NY2d 371, 376; People v Bearthea, 171 AD2d 751).

We have considered the defendant's remaining contentions and find them to be either unpreserved for appellate review or without merit. Ritter, J. P., Pizzuto, Santucci and Altman, JJ., concur.