THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEEM ROUNDTREE, Appellant. (Appeal No. 1.) [813 NYS2d 333]— Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered October 15, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: In each appeal, defendant appeals from a judgment convicting him upon his plea of guilty of attempted sodomy in the first degree (Penal Law §§ 110.00, former 130.50 [1]). Defendant contends that his waiver of the right to appeal with respect to each plea was invalid and therefore does not encompass his contention in appeal No. 2 that the photo array was unduly suggestive and thus that Supreme Court erred in denying his suppression motion in connection with that appeal. Although we agree with defendant that the record does not establish that his waiver of the right to appeal with respect to each plea was knowingly, voluntarily and intelligently entered (see People v Gonzalez-Saez, 16 AD3d 1171 [2005]; People v Pennick, 2 AD3d 1427 [2003], lv denied 1 NY3d 632 [2004]), we nevertheless reject his contention that the photo array was unduly suggestive (see People v Lind, 20 AD3d 765, 766-767 [2005], lv denied 5 NY3d 830 [2005]). Also contrary to defendant's contention, the sentence imposed in each appeal is not unduly

harsh or severe. In view of our determination, we do not address defendant's remaining contention. Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Hayes, JJ.