■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v SALEEM ROUNDTREE, Appellant. (Appeal No. 2.) [812 NYS2d 900]—Appeal from a judgment of the Supreme Court, Erie County (Ronald H. Tills, A.J.), rendered October 15, 2004. The judgment convicted defendant, upon his plea of guilty, of attempted sodomy in the first degree.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Same memorandum as in *People v Roundtree* ([appeal No. 1] 28 AD3d 1184 [2006]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Hayes, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT HUGHES, Appellant. [813 NYS2d 835]—

Appeal from a judgment of the Livingston County Court (Ronald A. Cicoria, J.), rendered November 9, 2004. The judgment convicted defendant, upon his plea of guilty, of burglary in the second degree (two counts).

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon his plea of guilty of two counts of burglary in the second degree (Penal Law § 140.25 [2]), defendant contends that the sentence is illegal because he was improperly sentenced as a second felony offender. We reject that contention. Defendant was explicitly informed during the plea proceeding that he would be sentenced as a second felony offender. He was given notice of the predicate felony during sentencing, and he admitted that he was sentenced to a term of incarceration of 17 years as a result of his conviction of armed burglary in Florida in 1988. Although County Court did not formally ask defendant whether he wished to controvert the allegations in the second felony offender statement (*see* CPL 400.21 [3]), the record establishes that defendant had an opportunity to do so. Under the circumstances of this case, we conclude that there was the requisite substantial compliance with CPL 400.21 (*see People v Chrysler*, 260 AD2d 945 [1999]; *People v Polanco*, 232 AD2d 674, 675 [1996]; *see also People v Mann*, 258 AD2d 738, 739 [1999], *lv denied* 93 NY2d 900 [1999]; *People v Witherspoon*, 155 AD2d 636 [1989]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Martoche and Hayes, JJ.