# SUPREME COURT OF THE STATE OF NEW YORK
*Appellate Division, Fourth Judicial Department*

**255**
**KA 10-01958**
PRESENT: SMITH, J.P., FAHEY, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

DONNELL STEPNEY, DEFENDANT-APPELLANT.

---

D.J. & J.A. CIRANDO, ESQS., SYRACUSE (JOHN A. CIRANDO OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (VICTORIA M. WHITE OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Onondaga County Court (Anthony F. Aloi, J.), rendered June 9, 2010. The judgment convicted defendant, upon a jury verdict, of criminal possession of a weapon in the second degree and assault in the second degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him following a jury trial of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and assault in the second degree (§ 120.05 [3]), defendant contends that County Court erred in failing to excuse for cause a prospective juror who stated that he had a friend who was a former police officer and that he would probably be more likely than not to credit the testimony of law enforcement officials. By failing to raise that challenge in the trial court, however, defendant failed to preserve it for our review (*see* CPL 470.05 [2]; *People v Chatman*, 281 AD2d 964, 964-965, *lv denied* 96 NY2d 899). We reject defendant's further contention that the court's failure to discharge the prospective juror sua sponte constitutes a mode of proceedings error that does not require preservation (*see generally People v Rosen*, 96 NY2d 329, 335, *cert denied* 534 US 899). In any event, even if defendant had challenged the prospective juror on that ground and his challenge had merit, it nevertheless would not be properly before us because he failed to exhaust his peremptory challenges prior to the completion of jury selection (*see* CPL 270.20 [2]; *People v Arguinzoni*, 48 AD3d 1239, 1241, *lv denied* 10 NY3d 859; *cf. People v Lynch*, 95 NY2d 243, 248).

To the extent that defendant contends that defense counsel was ineffective for failing to challenge the prospective juror, we note that the transcript of voir dire shows that one or more unidentified

prospective jurors on the same panel as that prospective juror made comments that could be construed as being highly favorable to the defense, and it is possible that the prospective juror in question made some of those comments.  We thus conclude that defendant "failed to show the absence of a strategic explanation for defense counsel's" failure to challenge that prospective juror (*People v Mendez*, 77 AD3d 1312, 1312-1313, *lv denied* 16 NY3d 799; *see People v Benevento*, 91 NY2d 708, 712-713).  "[M]ere disagreement with trial strategy is insufficient to establish that defense counsel was ineffective" (*People v Henry*, 74 AD3d 1860, 1862, *lv denied* 15 NY3d 852).

By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the evidence is legally insufficient to establish his commission of either crime charged (*see People v Gray*, 86 NY2d 10, 19; *People v Washington*, 89 AD3d 1516, 1517).  "However, we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of defendant's challenge regarding the weight of the evidence" (*People v Caston*, 60 AD3d 1147, 1148-1149; *see People v Danielson*, 9 NY3d 342, 349-350; *People v Francis*, 83 AD3d 1119, 1120, *lv denied* 17 NY3d 806; *People v Loomis*, 56 AD3d 1046, 1046-1047).  We nevertheless conclude that, viewing the evidence in light of the elements of the crimes as charged to the jury, the People proved beyond a reasonable doubt all elements of the crimes charged (*see Danielson*, 9 NY3d at 349; *see generally People v Bleakley*, 69 NY2d 490, 495).

With respect to the weapon conviction, the People proved that defendant constructively possessed the loaded firearm found in the vehicle in which he was a passenger.  The firearm was found by the police on the floorboard in the vehicle directly beneath the location where defendant was seated, and the firearm was adjacent to a blank gun that defendant admittedly owned.  Although defendant's fingerprints were not found on the loaded firearm, they were also not found on the blank gun that he undisputedly possessed.  The fact that the codefendant's fingerprint was found on the loaded gun does not preclude the possibility that defendant possessed it as well, inasmuch as "more than one person may possess an object simultaneously" (*People v Myers*, 265 AD2d 598, 600).

With respect to the assault conviction, we conclude that the People proved beyond a reasonable doubt that defendant intended to prevent the arresting officer from performing a lawful duty when the officer injured his knee (*see* Penal Law § 120.05 [3]).  Although defendant contends that the arresting officer was not engaged in a lawful duty when he attempted to frisk him, the suppression court determined following a hearing that the officer acted lawfully during every step of his encounter with defendant, and defendant does not challenge the suppression ruling on appeal.  Because the evidence at trial was consistent with that presented at the suppression hearing, we perceive no basis for overturning the assault conviction on the grounds advanced by defendant.

Defendant failed to preserve for our review his contention that the court erred in admitting in evidence a postarrest photograph of

him depicting him in handcuffs and shirtless.  In any event, the photograph was relevant and admissible to show defendant's condition at the time of his arrest (*see People v Logan*, 25 NY2d 184, 195, *cert denied* 396 US 1020, *rearg dismissed* 27 NY2d 733, 737; *People v Lakram*, 207 AD2d 360, 361, *lv denied* 84 NY2d 1034, 86 NY2d 737).  We have reviewed defendant's remaining contentions and conclude that they are without merit.

Entered:  March 23, 2012                        Frances E. Cafarell
                                                Clerk of the Court