# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

1050

KA 12-02109

PRESENT: SCUDDER, P.J., SMITH, FAHEY, SCONIERS, AND VALENTINO, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                        MEMORANDUM AND ORDER

WAYNE IRVIN, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SUSAN C. MINISTERO OF COUNSEL), FOR DEFENDANT-APPELLANT.

LORI PETTIT RIEMAN, DISTRICT ATTORNEY, LITTLE VALLEY, FOR RESPONDENT.

---

Appeal from a judgment of the Cattaraugus County Court (Larry M. Himelein, J.), rendered September 4, 2012. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree, sexual abuse in the first degree and endangering the welfare of a child.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him, upon a jury verdict, of rape in the first degree (Penal Law § 130.35 [3]), criminal sexual act in the first degree (§ 130.50 [3]), sexual abuse in the first degree (§ 130.65 [3]), and endangering the welfare of a child (§ 260.10 [1]). Defendant failed to preserve for our review his contention that the testimony of a police witness regarding his observations of the victim's interview deprived him of his right of confrontation (*see People v Davis*, 87 AD3d 1332, 1334-1335, *lv denied* 18 NY3d 858, *reconsideration denied* 18 NY3d 956). In any event, even assuming, arguendo, that the police witness's testimony equated to the introduction of the victim's testimonial statements in evidence, we note that " '[t]he Confrontation Clause . . . does not bar the use of testimonial statements for purposes other than establishing the truth of the matter asserted' " (*People v Reynoso*, 2 NY3d 820, 821, quoting *Crawford v Washington*, 541 US 36, 59 n 9; *see Davis*, 87 AD3d at 1335). Here, the testimony was properly admitted in evidence for the purpose of explaining the police witness's actions and the sequence of events leading to defendant's arrest (*see People v Davis*, 23 AD3d 833, 835, *lv denied* 6 NY3d 811). To the extent that defendant contends that he was deprived of his right of confrontation by the victim's failure to testify, that contention is unpreserved for our review and, in any event, is without merit (*see People v Watts*, 58 AD3d 647, 648, *lv dismissed* 12 NY3d 763, *lv denied* 12 NY3d 789; *see also People v Andre W.*, 44 NY2d 179, 184).

Contrary to defendant's contention, County Court properly refused to suppress the written statement that he made to a police witness. The record of the suppression hearing supports the court's determination that defendant knowingly, voluntarily and intelligently waived his *Miranda* rights before making the statement (*see People v Sands*, 81 AD3d 1263, 1263, *lv denied* 17 NY3d 800).

Defendant further contends that the court deprived him of his constitutional rights to a fair trial, impartial jury, and due process by failing to excuse two prospective jurors who did not unequivocally assure their impartiality.  "By failing to raise that challenge in the trial court, however, defendant failed to preserve it for our review" (*People v Stepney*, 93 AD3d 1297, 1297-1298, *lv denied* 19 NY3d 968).  In any event, "even if defendant had challenged [those] prospective juror[s] . . . and his challenge[s] had merit, [they] nevertheless would not be properly before us because he failed to exhaust his peremptory challenges prior to the completion of jury selection" (*id.* at 1298).

By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that there is legally insufficient evidence to corroborate his confession pursuant to CPL 60.50 (*see People v Gray*, 86 NY2d 10, 19; *People v Tyra*, 84 AD3d 1758, 1759, *lv denied* 17 NY3d 822).  Defendant, however, also contends that the verdict is against the weight of the evidence, and " 'we necessarily review the evidence adduced as to each of the elements of the crimes in the context of our review of [that contention]' " (*Stepney*, 93 AD3d at 1298; *see People v Danielson*, 9 NY3d 342, 349-350).  Viewing the evidence in light of the elements of the crimes as charged to the jury, we conclude that "the People proved beyond a reasonable doubt all elements of the crimes charged" (*Stepney*, 93 AD3d at 1298; *see Danielson*, 9 NY3d at 349; *see generally People v Bleakley*, 69 NY2d 490, 495).

We reject defendant's further contention that he was denied effective assistance of counsel.  To the extent that defendant contends that he was denied effective assistance of counsel based upon defense counsel's failure to make a more specific motion for a trial order of dismissal, that contention is without merit because defendant failed to demonstrate that the motion, if made, would have been successful (*see People v Bassett*, 55 AD3d 1434, 1437-1438, *lv denied* 11 NY3d 922).  To the extent that defendant contends that defense counsel was ineffective for failing to challenge two prospective jurors, that contention also lacks merit inasmuch as defendant " 'failed to show the absence of a strategic explanation for defense counsel's failure' to challenge th[ose] prospective juror[s]" (*Stepney*, 93 AD3d at 1298).  With respect to each of the remaining alleged instances of ineffective assistance, we conclude that defendant failed " 'to demonstrate the absence of strategic or other legitimate explanations' for counsel's alleged shortcomings" (*People v Benevento*, 91 NY2d 708, 712), and the record establishes that defense counsel provided meaningful representation to defendant (*see People v Baldi*, 54 NY2d 137, 147).  Defendant's contention with respect to

alleged prosecutorial misconduct has not been preserved for our review (*see People v Arnold*, 107 AD3d 1526, 1527; *People v Mull*, 89 AD3d 1445, 1446, *lv denied* 19 NY3d 965), and we decline to exercise our power to review that contention as a matter of discretion in the interest of justice (*see* CPL 470.15 [6] [a]).

Defendant failed to preserve for our review any contention regarding the failure to comply with the procedural requirements of CPL 400.21 (*see People v Perez*, 85 AD3d 1538, 1541).  In any event, "[a]lthough [the court] did not formally ask defendant whether he wished to controvert the allegations in the [predicate] felony offender statement (*see* CPL 400.21 [3]), the record establishes that defendant had an opportunity to do so" (*People v Hughes*, 28 AD3d 1185, 1185, *lv denied* 7 NY3d 790).  Thus, under the circumstances presented here, we conclude that there was the requisite substantial compliance with CPL 400.21 (*see id*.).  Defendant's contention that the court erred in setting the expiration date of the order of protection is also unpreserved for our review (*see* CPL 470.05 [2]).  In any event, the court properly calculated the order of protection's expiration date (*see* CPL 530.13 [4] [A]).  Finally, we conclude that the sentence is not unduly harsh or severe.

Entered:  November 8, 2013                          Frances E. Cafarell
                                                    Clerk of the Court