# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**609**

**KA 12-01628**

PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, SCONIERS, AND WHALEN, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

SAMUEL CARL SIMMONS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (SHERRY A. CHASE OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (DAVID R. PANEPINTO OF COUNSEL), FOR RESPONDENT.

---------------------------------------------------------------------------------------------------------

Appeal from a judgment of the Supreme Court, Erie County (Russell P. Buscaglia, A.J.), rendered July 6, 2011. The judgment convicted defendant, upon a jury verdict, of rape in the first degree, criminal sexual act in the first degree (two counts) and sexual abuse in the first degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of two counts of criminal sexual act in the first degree (Penal Law § 130.50 [1]), and one count each of rape in the first degree (§ 130.35 [1]) and sexual abuse in the first degree (§ 130.65 [1]). Defendant failed to preserve for our review his contention that the prosecutor's reason for striking a prospective juror was pretextual, "having failed to raise before [Supreme Court] the specific claim he now raises on appeal" (*People v Ali*, 89 AD3d 1412, 1414, *lv denied* 18 NY3d 881; *see People v Jones*, 284 AD2d 46, 48, *affd* 99 NY2d 264; *People v Holloway*, 71 AD3d 1486, 1486-1487, *lv denied* 15 NY3d 774). In any event, defendant failed to meet his burden of establishing, with respect to the third step of the *Batson* analysis, that the People engaged in the discriminatory use of peremptory challenges (*see Batson v Kentucky*, 476 US 79, 94-98; *People v Hecker*, 15 NY3d 625, 634-635, *cert denied* ___ US ___, 131 S Ct 2117). "Specifically, defense counsel did not compare the challenged juror[] to similarly-situated unchallenged prospective jurors, point to factors in the challenged juror['s] background that made [her] likely to be pro-prosecution, or enunciate any factor that suggested that the prosecutor exercised the challenge[] due to the prospective juror['s]" race (*People v MacShane*, 11 NY3d 841, 842; *see People v Donahue*, 81 AD3d 1348, 1350, *lv denied* 16 NY3d 894).

Defendant further contends that the court was required to excuse, sua sponte, a prospective juror who did not unequivocally state that he could be impartial.  "By failing to raise that challenge in the trial court, however, defendant failed to preserve it for our review" (*People v Stepney*, 93 AD3d 1297, 1297-1298, *lv denied* 19 NY3d 968).  In any event, "[e]ven assuming, arguendo, that the court erred in [refusing to excuse, sua sponte, the prospective juror] for cause, we conclude that the error does not require reversal because defendant had not exhausted his peremptory challenges and did not peremptorily challenge that prospective juror" (*People v Arguinzoni*, 48 AD3d 1239, 1241, *lv denied* 10 NY3d 859; *see* CPL 270.20 [2]; *People v Irvin*, 111 AD3d 1294, 1295; *People v Brown*, 101 AD3d 1627, 1628).  Defendant also contends that he was denied effective assistance of counsel because his attorney failed to exercise a for-cause or peremptory challenge with respect to that prospective juror.  Defendant, however, has not met "his burden of showing the absence of a legitimate explanation for th[at] perceived error" (*People v Barboni*, 21 NY3d 393, 407; *see People v Reed*, 115 AD3d 1334, 1336-1337; *Irvin*, 111 AD3d at 1296; *Stepney*, 93 AD3d at 1298).

Finally, the sentence is not unduly harsh or severe.

Entered:  July 3, 2014                    Frances E. Cafarell
                                          Clerk of the Court