# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1053**

**KA 11-01743**

PRESENT: SCUDDER, P.J., CENTRA, LINDLEY, SCONIERS, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

PABLO ESTIVAREZ, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (MARIA MALDONADO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 21, 2011. The judgment convicted defendant, upon a jury verdict, of criminal possession of marihuana in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of criminal possession of marihuana in the third degree (Penal Law § 221.20), defendant contends that Supreme Court erred in refusing to suppress marihuana seized by the police from the vehicle in which defendant was a passenger following a traffic stop. Defendant sought suppression of the marihuana on the ground that it was the product of an illegal search of a locked container within the trunk of the vehicle, and he now contends for the first time on appeal that the officer who stopped the vehicle gave testimony " 'patently tailored to nullify constitutional objections' " with respect to the traffic stop (*People v Lebron*, 184 AD2d 784, 784). That contention therefore is not preserved for our review (*see* CPL 470.05 [2]; *People v Buckman*, 66 AD3d 1400, 1401, *lv denied* 13 NY3d 937), and is without merit in any event. The hearing record supports the court's determination that the officer lawfully stopped the vehicle for having an inadequate muffler in violation of Vehicle and Traffic Law § 375 (31) (*see People v Thomas*, 210 AD2d 269, 269-270, *lv denied* 84 NY2d 1039).

Viewing the evidence in light of the elements of the crime as charged to the jury (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's further contention that the verdict is against the weight of the evidence (*see People v Velez*, 78 AD3d 1522, 1522; *see*

*generally People v Bleakley*, 69 NY2d 490, 495).

Entered:  November 14, 2014                 Frances E. Cafarell
                                            Clerk of the Court