# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1408**
**KA 13-00422**
PRESENT: SMITH, J.P., FAHEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                          MEMORANDUM AND ORDER

MARK DANIELS, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (ROBERT L. KEMP OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael L. D'Amico, J.), rendered January 18, 2013. The judgment convicted defendant, upon a nonjury verdict, of robbery in the second degree (two counts), grand larceny in the third degree and reckless driving.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count four of the indictment and imposing a definite sentence of 30 days' imprisonment on that count, to run concurrently with the sentences imposed on counts one, two, and three, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of two counts of robbery in the second degree (Penal Law § 160.10 [2] [a]), and one count each of grand larceny in the third degree (§ 155.35 [1]) and reckless driving (Vehicle and Traffic Law § 1212), in connection with a bank robbery and the flight therefrom, which resulted in injuries to two innocent civilians.

We reject defendant's contention that the evidence is legally insufficient to support the robbery and grand larceny convictions. Viewing the evidence in the light most favorable to the People (*see People v Contes*, 60 NY2d 620, 621), we conclude that there is a valid line of reasoning and permissible inferences that could lead the court in this nonjury trial to find that defendant forcibly stole money in excess of $3,000 from the bank. "Although the employees of the bank robbed by defendant . . . could not specifically identify defendant, the element of identity was established by a compelling chain of circumstantial evidence that had no reasonable explanation except that defendant was . . . the perpetrator[]" (*People v Brown*, 92 AD3d 1216, 1217, *lv denied* 18 NY3d 992). That evidence included the stolen GPS unit and prerecorded bait money in defendant's bag that he dropped

when apprehended by the police, clothing removed from defendant at the hospital that matched the bank employees' descriptions, and the presence of defendant's DNA on clothing found in the middle of defendant's route in fleeing from the bank.  Furthermore, viewing the evidence in the light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence with respect to the robbery and grand larceny convictions (*see generally People v Bleakley*, 69 NY2d 490, 495; *People v Kirton*, 36 AD3d 1011, 1013-1014, *lv denied* 8 NY3d 947).

Finally, although not raised by defendant, we note that the sentence imposed on count four of the indictment, i.e., a one-year definite term of imprisonment for reckless driving, an unclassified misdemeanor, is illegal (*see* Vehicle and Traffic Law § 1801 [1]; Penal Law § 70.15 [3]), and we cannot allow that illegal sentence to stand (*see generally People v VanValkinburgh*, 90 AD3d 1553, 1554).  "In the interest of judicial economy, we exercise our inherent authority to correct the illegal sentence" (*People v Perrin*, 94 AD3d 1551, 1551).  We therefore modify the judgment by vacating the sentence imposed on count four and imposing a definite sentence of 30 days' imprisonment on that count, to run concurrently with the sentences imposed on the remaining counts of the indictment (Vehicle and Traffic Law § 1801 [1]).  We otherwise conclude that the sentences imposed on the remaining counts are not unduly harsh or severe.

Entered:  February 6, 2015                                    Frances E. Cafarell
                                                               Clerk of the Court