Appeal from a judgment of the Oswego County Court (Walter W. Hafner, Jr., J.), rendered January 4, 2013. The judgment convicted defendant, upon a jury verdict, of burglary in the first degree (two counts), assault in the first degree (two counts) and endangering the welfare of a child (three counts).
It is hereby ordered that the judgment so appealed from is unanimously affirmed.
Memorandum: On appeal from a judgment convicting him upon a jury verdict of, inter alia, two counts each of burglary in the first degree (Penal Law § 140.30 [2], [3]) and assault in the first degree (§ 120.10 [1], [2]), defendant contends that he was denied the effective assistance of counsel. We reject that contention. Although we agree with defendant that defense counsel should not have questioned him about a prior conviction after County Court’s Sandoval ruling precluded the People from doing so, we conclude that defense counsel’s error was “not so egregious and prejudicial that [it] deprived defendant of his right to a fair trial” (People v Morrison, 48 AD3d 1044, 1045 [2008], lv denied 10 NY3d 867 [2008]; see People v Hobot, 84 NY2d 1021, 1024 [1995]; cf. People v Webb, 90 AD3d 1563, 1564 [2011], amended on rearg 92 AD3d 1268 [2012]).
We likewise reject defendant’s contention that his conviction of assault in the first degree under Penal Law § 120.10 (1) and (2) is not supported by legally sufficient evidence of serious physical injury and serious disfigurement, respectively. With respect to section 120.10 (1), “[t]he element of serious physical injury was satisfied by evidence supporting the conclusion that the wound [ ] inflicted by defendant caused serious disfigurement to [the] victim[’s] face[ ]” (People v Matos, 121 AD3d 545, 546 [2014]; see People v Snyder, 100 AD3d 1367, 1368 [2012]; see generally People v Stewart, 18 NY3d 831, 832 [2011]). With respect to section 120.10 (2), a person is guilty of assault in the first degree if he or she “[w]ith intent to disfigure another person seriously and permanently . . . causes such injury” (id.), and “[a] person is ‘seriously’ disfigured when a reasonable observer would find [his or] her altered appearance distressing or objectionable” (People v McKinnon, 15 NY3d 311, 315 [2010]). Here, the evidence at trial established that the victim sustained *1426 a four-inch-long wound to her cheek that left a permanent scar. “[Vfiewed as a whole, and especially considering the prominent location of the wound on the face, [the evidence at trial] support [s] the inference that at the time of trial the scar[ ] remained seriously disfiguring under the McKinnon standard” (People v Coote, 110 AD3d 485, 485 [2013], lv denied 22 NY3d 1198 [2014]; see Matos, 121 AD3d at 546; People v Gumbs, 107 AD3d 548, 548 [2013], lv denied 22 NY3d 1156 [2014], cert denied 574 US —, 135 S Ct 143 [2014]).
Viewing the evidence in light of the crimes as charged to the jury (see People v Danielson, 9 NY3d 342, 349 [2007]), we conclude that the verdict is not against the weight of the evidence (see generally People v Bleakley, 69 NY2d 490, 495 [1987]). “[R]esolution of issues of credibility, as well as the weight to be accorded to the evidence presented, are primarily questions to be determined by the jury” (People v Witherspoon, 66 AD3d 1456, 1457 [2009], lv denied 13 NY3d 942 [2010] [internal quotation marks omitted]), and “[i]t was within the jury’s province to reject the testimony of defendant’s alibi witnesses” (People v Smith, 278 AD2d 837, 837 [2000], lv denied 96 NY2d 835 [2001]). Present — Smith, J.P., Fahey, Whalen and DeJoseph, JJ.