# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**967**

**KA 12-01595**

PRESENT: CENTRA, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                    MEMORANDUM AND ORDER

JAKIM GRIMES, DEFENDANT-APPELLANT.

---

FRANK H. HISCOCK LEGAL AID SOCIETY, SYRACUSE (PHILIP ROTHSCHILD OF COUNSEL), FOR DEFENDANT-APPELLANT.

WILLIAM J. FITZPATRICK, DISTRICT ATTORNEY, SYRACUSE (JAMES P. MAXWELL OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Onondaga County (John J. Brunetti, A.J.), rendered March 2, 2012. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]) and criminal possession of a controlled substance in the fourth degree (§ 220.09 [1]). The charges arose from an incident in which police officers detected the odor of marihuana emanating from a vehicle they had stopped for a traffic violation. Defendant, a passenger in that vehicle, was searched and found to possess narcotics.

We reject defendant's contention that the police lacked probable cause to stop the vehicle. It is well settled that a traffic stop is lawful where "a police officer has probable cause to believe that the driver of an automobile has committed a traffic violation" (*People v Robinson*, 97 NY2d 341, 349; *see Whren v United States*, 517 US 806, 810). Here, the police had probable cause to stop the vehicle because they observed the driver pull his car into traffic from its parked position at the curb without using a turn signal (*see* Vehicle and Traffic Law § 1163 [a], [d]; *People v Hawkins*, 45 AD3d 989, 991, *lv denied* 9 NY3d 1034).

Contrary to defendant's further contention, the police had probable cause to search his person inasmuch as "[t]he odor of marihuana emanating from a vehicle, when detected by an officer

qualified by training and experience to recognize it, is sufficient to constitute probable cause to search a vehicle and its occupants" (*People v Cuffie*, 109 AD3d 1200, 1201, *lv denied* 22 NY3d 1087 [internal quotation marks omitted]; *see People v Virges*, 118 AD3d 1445, 1445-1446).  We reject defendant's contention that the odor of unburned marihuana could not serve as the basis for the search (*see People v Walker*, 128 AD3d 1499, 1500, *lv denied* 26 NY3d 936).

Defendant further contends that the search and seizure were illegal because the police officers tailored their testimony to establish probable cause to stop the vehicle.  That contention is not preserved for our review (*see People v Estivarez*, 122 AD3d 1292, 1292), and it is without merit in any event.  The credibility determinations of the hearing court are entitled to great deference and will not be disturbed unless clearly unsupported by the record, which is not the case here (*see People v Ponzo*, 111 AD3d 1347, 1347).

Defendant contends that Supreme Court failed to make a proper finding of a prior felony conviction pursuant to CPL 400.21 inasmuch as the court failed to ask him whether he wanted to controvert any of the allegations set forth in the CPL 400.21 statement.  That contention is not preserved for our review (*see People v Pellegrino*, 60 NY2d 636, 637; *People v Butler*, 96 AD3d 1367, 1368), and is without merit in any event.  Defendant admitted the prior felony conviction in open court during the plea hearing and, thus, he waived strict compliance with CPL 400.21 (*see People v Vega*, 49 AD3d 1185, 1186, *lv denied* 10 NY3d 965).  Moreover, although the court did not formally ask defendant whether he wished to controvert any of the allegations set forth in the CPL 400.21 statement, the record establishes that defendant had an opportunity to do so (*see People v Hughes*, 28 AD3d 1185, 1185, *lv denied* 7 NY3d 790; *see also People v Irvin*, 111 AD3d 1294, 1297, *lv denied* 24 NY3d 1044, *reconsideration denied* 26 NY3d 930).  Thus, under the circumstances, we conclude that there was the requisite substantial compliance with CPL 400.21 (*see Irvin*, 111 AD3d at 1297; *Hughes*, 28 AD3d at 1185).

Entered:  November 13, 2015                    Frances E. Cafarell
                                               Clerk of the Court