# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**1395**
**KA 11-01664**
PRESENT: SMITH, J.P., PERADOTTO, LINDLEY, WHALEN, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                         MEMORANDUM AND ORDER

JOHN L. LOVE, DEFENDANT-APPELLANT.

---

TIMOTHY P. DONAHER, PUBLIC DEFENDER, ROCHESTER (DAVID M. ABBATOY, JR., OF COUNSEL), FOR DEFENDANT-APPELLANT.

SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (SCOTT MYLES OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Monroe County Court (Frank P. Geraci, Jr., J.), rendered June 8, 2011. The judgment convicted defendant, upon a jury verdict, of rape in the first degree and rape in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: On appeal from a judgment convicting him upon a jury verdict of rape in the first degree (Penal Law § 130.35 [1]), and rape in the third degree (§ 130.25 [2]), defendant contends that County Court erred in admitting in evidence the recording of the victim's call to 911 as an excited utterance (*see generally People v Cotto*, 92 NY2d 68, 78-79). We reject that contention. The People established that the victim left defendant's house, where the incident occurred, and went directly to a pay phone, and that defendant's mother was following the victim in a car. The recording and the victim's testimony also established that the victim initially believed that defendant was in that car, and the recording confirms that she was frantically asking the dispatcher to send help before defendant could reach her. We conclude that the court properly reviewed the facts of the case and considered the atmosphere surrounding the statements in making its determination (*see People v Mulligan*, 118 AD3d 1372, 1373, *lv denied* 25 NY3d 1075), and we agree with the court that the victim's statements on the 911 recording are "the product of the declarant's exposure to a startling or upsetting event that is sufficiently powerful to render the observer's normal reflective processes inoperative" (*People v Vasquez*, 88 NY2d 561, 574).

Contrary to defendant's further contention, the verdict is not against the weight of the evidence. Viewing the evidence in light of the elements of the crimes as charged to the jury (*see People v*

*Danielson*, 9 NY3d 342, 349), we conclude that, although a different verdict would not have been unreasonable, the jury did not fail to give the evidence the weight it should be accorded (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant failed to object to comments that the prosecutor made during opening statements and on summation, and thus he failed to preserve for our review his contention that such comments constituted prosecutorial misconduct that deprived him of a fair trial (*see* CPL 470.05 [2]; *People v Cullen*, 110 AD3d 1474, 1475, *affd* 24 NY3d 1014). In any event, the prosecutor's summation constituted fair response to defense counsel's summation, and did not exceed "the broad bounds of rhetorical comment permissible in closing argument" (*People v Galloway*, 54 NY2d 396, 399; *see People v Williams*, 28 AD3d 1059, 1061, *affd* 8 NY3d 854; *People v Ward*, 107 AD3d 1605, 1606, *lv denied* 21 NY3d 1078). Even assuming, arguendo, that the prosecutor's comments during opening statements or on summation were improper, we conclude that they were not so egregious as to deprive defendant of a fair trial (*see People v Figgins*, 72 AD3d 1599, 1600, *lv denied* 15 NY3d 893; *People v Sweney*, 55 AD3d 1350, 1351, *lv denied* 11 NY3d 901).

Entered: December 31, 2015                    Frances E. Cafarell
                                              Clerk of the Court