# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**117**
**KA 13-01683**
PRESENT: WHALEN, P.J., PERADOTTO, CARNI, LINDLEY, AND DEJOSEPH, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                      MEMORANDUM AND ORDER

BRANDON L. GIBSON, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (DEBORAH K. JESSEY OF COUNSEL), FOR DEFENDANT-APPELLANT.

FRANK A. SEDITA, III, DISTRICT ATTORNEY, BUFFALO (NICHOLAS T. TEXIDO OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Erie County Court (Michael F. Pietruszka, J.), rendered April 2, 2013. The judgment convicted defendant, after a nonjury trial, of criminal possession of a weapon in the second degree, aggravated unlicensed operation of a motor vehicle in the third degree and a traffic infraction.

It is hereby ORDERED that the judgment so appealed from is unanimously modified on the law by vacating the sentence imposed on count two of the indictment and imposing a definite sentence of 30 days of imprisonment on that count, to run concurrently with the sentences imposed on the remaining counts, and as modified the judgment is affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a nonjury verdict of, inter alia, criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]) and aggravated unlicensed operation of a motor vehicle in the third degree (Vehicle and Traffic Law § 511 [1] [a]). Defendant contends that County Court erred in refusing to suppress his statement to the police and tangible evidence, i.e., a loaded firearm, seized from the passenger of his vehicle. We reject that contention. "Affording great deference to the court's resolution of credibility issues at the suppression hearing" (*People v Eron*, 119 AD3d 1358, 1359, *lv denied* 24 NY3d 1083), we conclude that the record supports the court's finding that the police lawfully stopped defendant's vehicle for having an inadequate muffler in violation of Vehicle and Traffic Law § 375 (31) (*see People v Estivarez*, 122 AD3d 1292, 1292-1293, *lv denied* 26 NY3d 967; *see generally People v Wright*, 98 NY2d 657, 658-659). We also reject any challenge by defendant to the legality of the police search that resulted in the seizure of the firearm from the passenger. We conclude that defendant " 'lacks standing to challenge the search of [the passenger], since [defendant] was not the person against whom the

search was directed[,] and he cannot complain that his constitutional privacy protections have been infringed as a result of [the search of the passenger]' " (*People v Hogue*, 133 AD3d 1209, 1212; *see People v Douglas*, 23 AD3d 1151, 1152, *lv denied* 6 NY3d 812; *People v Peterson*, 245 AD2d 815, 817 n 1).

By making only a general motion for a trial order of dismissal, defendant failed to preserve for our review his contention that the trial evidence is legally insufficient to establish that he possessed the firearm (*see People v Gray*, 86 NY2d 10, 19). In any event, that contention lacks merit (*see People v Hailey*, 128 AD3d 1415, 1416, *lv denied* 26 NY3d 929; *see generally People v Bleakley*, 69 NY2d 490, 495). Moreover, inasmuch as defendant's conviction is " 'supported by legally sufficient trial evidence, [his] challenges to . . . the instructions given during [the grand jury] proceeding are precluded' " (*People v Cotton*, 120 AD3d 1564, 1566).

Viewing the evidence in light of the elements of the crimes in this nonjury trial (*see People v Danielson*, 9 NY3d 342, 349), we reject defendant's contention that the verdict is against the weight of the evidence (*see generally Bleakley*, 69 NY2d at 495). Even assuming, arguendo, that a different verdict would not have been unreasonable (*see Danielson*, 9 NY3d at 348), we conclude that, "[b]ased on the weight of the credible evidence, the court . . . was justified in finding . . . defendant guilty beyond a reasonable doubt" (*id.*). Contrary to defendant's contention, the testimony of the passenger with respect to defendant's possession of the firearm "was not incredible as a matter of law, i.e., 'impossible of belief because it [was] manifestly untrue, physically impossible, contrary to experience, or self-contradictory' " (*Hailey*, 128 AD3d at 1417; *see People v Carr*, 99 AD3d 1173, 1174, *lv denied* 20 NY3d 1010). We further conclude that, to the extent that the People's evidence included improper bolstering testimony, any error in admitting that testimony is harmless (*see People v Robinson*, 21 AD3d 1413, 1414, *lv denied* 5 NY3d 885; *see generally People v Crimmins*, 36 NY2d 230, 241-242). We reject defendant's further contention that he was denied meaningful representation (*see generally People v Baldi*, 54 NY2d 137, 147).

Finally, although not raised by defendant, we note that the sentence imposed on count two of the indictment, i.e., a six-month definite term of imprisonment for the charge of aggravated unlicensed operation of a motor vehicle in the third degree, an unclassified misdemeanor, is illegal (*see* Vehicle and Traffic Law § 511 [1] [b]; *see also* Penal Law § 70.15 [3]). Inasmuch as we cannot allow an illegal sentence to stand (*see People v Daniels*, 125 AD3d 1432, 1433, *lv denied* 25 NY3d 1071, *reconsideration denied* 26 NY3d 928), in the interest of judicial economy, we exercise our inherent authority to correct the illegal sentence (*see id.*). We therefore modify the judgment by vacating the sentence imposed on count two of the indictment and imposing a definite sentence of 30 days of imprisonment on that count, to run concurrently with the sentences imposed on the remaining counts (*see People v Brown*, 132 AD3d 1274, 1275; *Daniels*,

125 AD3d at 1433).

Entered:  March 25, 2016

Frances E. Cafarell
Clerk of the Court