# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

**799**

**KA 14-01127**

PRESENT: SMITH, J.P., CARNI, LINDLEY, DEJOSEPH, AND SCUDDER, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                    MEMORANDUM AND ORDER

DERRICK MANIGAULT, DEFENDANT-APPELLANT.

---

THE LEGAL AID BUREAU OF BUFFALO, INC., BUFFALO (BARBARA J. DAVIES OF COUNSEL), FOR DEFENDANT-APPELLANT.

MICHAEL J. FLAHERTY, JR., ACTING DISTRICT ATTORNEY, BUFFALO (DAVID A. HERATY OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Supreme Court, Erie County (Christopher J. Burns, J.), rendered June 24, 2014. The judgment convicted defendant, upon a jury verdict, of assault in the first degree and criminal possession of a weapon in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon a jury verdict of assault in the first degree (Penal Law § 120.10 [1]) and criminal possession of a weapon in the third degree (§ 265.02 [1]). We reject defendant's contention that his conviction of assault in the first degree is not supported by legally sufficient evidence of a serious physical injury, which includes a physical injury that causes "serious and protracted disfigurement" (§ 10.00 [10]).

"A person is 'seriously' disfigured when a reasonable observer would find [the person's] altered appearance distressing or objectionable" (*People v McKinnon*, 15 NY3d 311, 315), and "the injury must be viewed in context, considering its location on the body and any relevant aspects of the victim's overall physical appearance" (*id.*). Here, the evidence at trial established that defendant used a box cutter to cut the victim's face and chest, resulting in a facial wound that required five deep sutures and 20 superficial sutures to close. The victim testified at trial and lifted his shirt to show the jury a chest scar that was 12 centimeters in length. The jury was also shown photographs taken approximately one month after the incident that depicted scars on the victim's face and chest, and the victim testified that, despite some healing, at the time of the trial the scars were the same length and width and equally as visible as depicted in the photographs. Thus, the evidence established that the victim sustained a permanent scar on his chest and a permanent facial

scar that was slightly over three inches in length and was prominently located on his cheek.  Viewing the evidence in the light most favorable to the People (*see People v Danielson*, 9 NY3d 342, 349), we conclude that the evidence is legally sufficient with respect to the element of serious physical injury to support the conviction of assault in the first degree (*see People v Robinson*, 121 AD3d 1405, 1407, *lv denied* 24 NY3d 1221; *see also People v Reitz*, 125 AD3d 1425, 1425-1426, *lv denied* 26 NY3d 934, *reconsideration denied* 26 NY3d 1091; *People v Irwin*, 5 AD3d 1122, 1122, *lv denied* 3 NY3d 642).

We reject defendant's contention that the verdict is against the weight of the evidence with respect to assault in the first degree. In particular, defendant contends that the People failed to prove that he intended to cause a serious physical injury inasmuch as the evidence established that the victim's lacerations were inflicted by accident.  It is well settled that a defendant may be presumed to intend the natural and probable consequences of his actions (*see People v Roman*, 13 AD3d 1115, 1116, *lv denied* 4 NY3d 802), and that the element of intent may be inferred from the totality of defendant's conduct (*see People v Mike*, 283 AD2d 989, 989, *lv denied* 96 NY2d 904). Here, the People presented evidence establishing that defendant attacked the unarmed victim with a box cutter during a fist fight, and thereby established that defendant intended to cause serious physical injury to the victim (*see People v Marzug*, 280 AD2d 974, 974, *lv denied* 96 NY2d 904).  Contrary to defendant's further contention, the People disproved the defense of justification beyond a reasonable doubt (*see People v Gaines*, 26 AD3d 269, 270, *lv denied* 6 NY3d 847). Thus, viewing the evidence in light of the elements of assault in the first degree as charged to the jury (*see Danielson*, 9 NY3d at 349), we conclude that the verdict is not against the weight of the evidence (*see generally People v Bleakley*, 69 NY2d 490, 495).

Defendant further contends that he was denied a fair trial by prosecutorial misconduct.  Initially, we note that defendant failed to preserve for our review his contentions that the prosecutor committed misconduct during summation by improperly shifting the burden of proof and denigrating the defense (*see People v Smith*, 32 AD3d 1291, 1292, *lv denied* 8 NY3d 849).  In any event, we conclude that the challenged remarks were "fair comment upon the evidence" (*People v Mulligan*, 118 AD3d 1372, 1375, *lv denied* 25 NY3d 1075), did not exceed the broad bounds of rhetorical comment permissible in summation, and constituted a fair response to defense counsel's summation (*see People v Love*, 134 AD3d 1569, 1570, *lv denied* 27 NY3d 967).  We reject defendant's contention that he was denied a fair trial by the remaining instances of prosecutorial misconduct.  Specifically, the prosecutor on summation did not misstate the law with respect to justification, and we note that Supreme Court instructed the jury that it should accept the law as charged by the court (*see People v Lopez*, 96 AD3d 1621, 1623, *lv denied* 19 NY3d 998).  Although we agree with defendant that the prosecutor's characterization of defendant's testimony as a "manufactured story" was improper (*see People v Morgan*, 111 AD3d 1254, 1255; *People v Seeler*, 63 AD3d 1595, 1596, *lv denied* 13 NY3d 838), we conclude that this single instance of misconduct, which was undermined

by a successful defense objection, did not cause defendant such substantial prejudice that he was denied a fair trial (*see People v Manigat*, 136 AD3d 614, 616, *lv denied* 27 NY3d 1135; *cf. People v Griffin*, 125 AD3d 1509, 1512).

Defendant also failed to preserve for our review his contention that he was not properly sentenced as a second felony offender because the People failed to comply with the procedural requirements of CPL 400.21 (*see People v Butler*, 96 AD3d 1367, 1368, *lv denied* 20 NY3d 931). In any event, that contention is without merit. Defense counsel admitted that defendant had a prior felony conviction (*see People v Califano*, 84 AD3d 1504, 1506-1507, *lv denied* 17 NY3d 805), and the record establishes that defendant had an opportunity to controvert the allegations in the second felony offender statement but did not do so (*see People v Brown*, 140 AD3d 1740, 1741; *People v Hughes*, 28 AD3d 1185, 1185, *lv denied* 7 NY3d 790). We therefore conclude that, "under the circumstances presented here, . . . there was the requisite substantial compliance with CPL 400.21" (*People v Irvin*, 111 AD3d 1294, 1297, *lv denied* 24 NY3d 1044, *reconsideration denied* 26 NY3d 930; *see generally People v Bouyea*, 64 NY2d 1140, 1142).

Entered:  December 23, 2016                    Frances E. Cafarell
                                               Clerk of the Court